JANVIER, Judge.
This matter comes before us on appeal by Shepard M. Latter, a property owner in the vicinity from a judgment of the Civil District Court for the Parish of Orleans in which that Court affirmed a decision of the Board of Zoning Adjustments of the City of New Orleans, under which decision the Board granted to Joseph Stassi and. Mrs. Laura Stassi, owners, and to Dr. Robert R. Gibbs, lessee, a permit to construct an addition to property, which property, with the said addition, would not comply with the off-street parking requirements of the zoning laws of New Orleans in that the property is in a commercial area in which .a certain portion of the property must be devoted to off-street parking for patrons of the commercial establishment.
The property in question is described as Lot 22 in Square 2848, bounded by Canton, Touro, Senate and Frenchmen Streets, and bears municipal No. 2119 Canton Street. \¡
Prior to the occurrence which gave rise to this litigation, there was on the lot in question a small cottage type building which occupied a substantial part of the lot and which had for sometime been used by Dr. Gibbs (a Veterinarian) as a small animal hospital. At the front of the building was a small porch, and in front of the porch and between it and the sidewalk and also alongside the porch was a small yard area. It is shown that, even with the removal of the porch, the additional square footage afforded even with the small yard area could not furnish the necessary space for the required off-street parking. The building had admittedly obtained a nonconforming status and had been used for sometime by Dr. Gibbs as a small animal hospital even before the addition was contemplated since even then no off-street parking space was provided.
Dr. Gibbs desired to construct a small addition in front of the building, which would occupy the space formerly devoted to the porch and also a part of the front yard. He obtained plans for this addition and submitted them to a contractor, who made the necessary application for a building permit to the Division of Regulatory Inspections of the City of New Orleans. In'this application the contractor, without the knowledge of Dr. Gibbs, stated that the building was to be used for residential purposes. The Division of Regulatory Inspections, not being aware of the fact that the building was to be used for ,a small animal hospital, granted the permit and work was commenced on the addition.
The Division of Regulatory Inspections of the City then ascertained that the build-' *140 ing was being used as a small animal hospital and that the addition to it would also be devoted to that purpose and that department, realizing that thus the off-street parking zoning requirements of the ordinance would not be complied with, revoked the permit. Application was then made to the Board of •Zoning Adjustments for permission to vary from the requirements of the ordinance, and the Board set the matter down for hearing and notified property owners in the vicinity.
Shepard M. Latter is a large property owner in that and in other squares nearby, and he, in person and through counsel, appeared at the hearing and protested against the issuance of the permit for variance.
At that time the building was considerably more than one-half completed, but, at the request of tire Police Department of the City, work was discontinued, except that the authorities agreed that the building might be temporarily roofed and enclosed in order that damage to the interior might be prevented.
After a hearing, the Board of Zoning Adjustments issued the permit for the completion of the addition, and, in its reasons given for the issuance of the permit, the following statement appears:
“It was the general consensus of opinion that since the building in question was used for its present occupancy since 1951, — prior to present restrictions regarding off-street parking — that because of the small addition to impose these restrictions would be most unjust and would impose decided and unnecessary hardship upon the owner and applicant.”
The relator then brought this proceeding in an effort to have the ruling of the Board set aside by the District Court, and he alleges that there exists no legal reason for the issuance of the permit for variance.
It is conceded by respondents, Dr. Gibbs .and the owners of the property, that the .Board of Zoning Adjustments has no legal authority to grant a permit for variance unless the facts shown bring the case within one of the reasons set forth in the ordinance as justifying variance. In other words, it is conceded that such a Board may not constitutionally be given authority to adopt its own specifications and zoning requirements and that its powers are limited to a determination of whether the zoning rules and regulations laid down in the zoning ordinance have been complied with, i. e., that such a Board cannot be given blanket authority to grant or to refuse a permit unless the facts bring it within the terms of the ordinance itself.
It is shown that in the ordinance there are set forth certain standards and that the Board has authority only to determine whether the facts bring the matter within the contemplation of one of those standards, and it is conceded by all parties that whether or not the Board was justified in granting the permit must depend upon whether or not the reasons for the variance are within the contemplation of subparagraph c of paragraph 3 of Section 4 of Article XXVII of the Zoning Ordinance No. 18,565, C.C.S. It is therein provided that in such situations as this “the Board shall have the authority to grant the following variances:
“ * * * c. Waive or reduce the parking and loading requirements in the D-Multiple Family, commercial or industrial districts whenever the use of a building or land is so extraordinary as to make unnecessary the full provision of parking or loading facilities, or whenever it can be shown that provision of required off-street parking space within three hundred (300) feet of the main building is not feasible and would impose an unreasonable hardship as contrasted with merely granting an advantage or a convenience.”
It appears from the above that, if the Board is to be authorized to grant a permit for variance in the case of a commercial establishment where off-street parking requirements are involved, either the building must be devoted to some extraordi *141 nary use which makes the requirement of off-street parking' unnecessary, or the enforcement of the parking requirement must be shown to work an unreasonable hardship. In other words, it is not sufficient that the applicant merely show that he will be inconvenienced if the variance is not granted, or that his business may be increased if variance is granted.
When we consider the first part of the above quoted paragraph, we conclude that the case does not fall within the category therein set forth; in other words, there is nothing extraordinary about the application of a small animal hospital which makes it unnecessary that off-street parking be provided. There is nothing about the business of Dr. Gibbs which is different from such a business conducted by any other small animal hospital.
However, when we consider the other portion of the paragraph we reach a different conclusion. It is shown that the hospital as it now exists is nonconforming and it is also shown that the business of the hospital is much restricted because of lack of interior space. Because of this, Dr. Gibbs says that many of his patrons are unable to leave their pets over night and must bring them back and forth each day. This would probably mean that since more could be housed over night fewer would be required to be brought back and forth and possibly traffic. conditions would be benefited rather than worsened. Furthermore, the front porch and the small yard area serve no1 useful purpose in connection with the business, and it seems to us an unreasonable hardship to require that the space which now serves no useful purpose cannot be devoted to the purpose desired by Dr. Gibbs.
It is shown that Dr. Gibbs made every reasonable effort to arrange for off-street parking facilities which would be required by the requirements of the Zoning Ordinance and was unable to do so largely because he could not reach a satisfactory agreement with the relator, Latter, who owns a parking lot adjacent to the small animal hospital. We hope that we are not being influenced by this fact, but we cannot avoid noticing that if the permit is refused to Dr. Gibbs on the ground that he cannot provide the necessary off-street parking area, he will be forced to make an agreement with the owner of the adjacent parking lot, probably on such terms as may be dictated by the owner of the lot. And we note also that the owner of the lot — the relator in this case — has himself in that immediate vicinity recently sought and obtained permits for three similar variances.
The Board concluded that an unreasonable hardship would result if tlje permit should not be granted, and we find no error in this conclusion.
The judgment appealed from is affirmed at the cost of relator.
Affirmed.