GULOTTA, Judge.
This matter comes before us on appeal by Louis J. Healy, owner of property located at 5701 Pitt Street in the City of New Orleans, from a judgment of the Civil District Court for the Parish of Orleans in which a decision of the Board of Zoning Adjustments granting Mr. Healy a zoning variance was reversed.
The record discloses that Mr. Healy commenced construction on his property to enlarge an accessory building. Construction continued until the City’s Chief Building Inspector notified Mr. Healy that the proposed enlargement was in violation of the Building Code in that such construction contravened height and total yard area requirements of the Zoning Ordinance. The property is zoned E — neighborhood shopping.
Mr. Healy applied to the Board of Zoning Adjustments for a variance from these requirements for the accessory building he was in the process of constructing. The Board granted Mr. Healy the variance for the reason that denial would impose undue hardship. From this decision, appellees herein obtained a writ of certiorari from the Civil District Court. After a trial on the merits the District Court reversed the decision of the Board of Zoning Adjustments for the stated reason that the evi *346 dence failed to demonstrate any unusual hardship as to Mr. Healy.
From that decision Mr. Healy has perfected this appeal.
The question presented here is whether the trial court was in error in holding that the Board of Zoning Adjustments exceeded its authority and abused its discretion in granting the variance.
The property in question was used as a residence as well as for conducting a flooring contracting business. Mr. Healy testified that he sought to expand the structure by several feet in height and width in order to increase storage space. He stated that he could not conveniently carry on his business within the dimensions specified by the Zoning Code because he did not have enough room.
Under Article XXVII, section 4(3) (a) the Board has the authority to:
“Permit a variance in the yard requirements, height restrictions, or lot-area-per-family requirements of any district, but only where there are unusual and practical difficulties or unnecessary hardships in the carrying out of these provisions due to an irregular shape of the lot, topographical, or other physical conditions provided such variance will not seriously affect any adjoining property or the general welfare.”
However, since Mr. Healy’s property is rectangular in shape, and regular in all respects, the Board did not have the right to grant a variance under this statute, State ex rel. Korns v. Board of Zoning Adjustments of City of New Orleans, La.App., 223 So.2d SOS, 510.
Under Article XXVII, section 4(3) (b) the Board has the authority to:
“Authorize upon appeal, whenever a property owner can show that a strict application of the terms of this Ordinance relating to the use, construction, or alteration of buildings or structures or the use of land will impose upon him unusual and practical difficulties or particular hardship, such variances of the strict application of the terms of this Ordinance as are in harmony with its general purpose and intent, but only when the Board is satisfied that a granting of such variance will not merely serve as a convenience to the applicant, but will alleviate some demonstrable and unusual hardship or difficulty so great as to warrant a deviation from the comprehensive plan as established by this Ordinance, and at the same time, the surrounding property will be properly protected.”
For the Board to have had the authority to grant a variance under 4(3) (b), Mr. Healy must have demonstrated that he did not desire the variation for mere convenience, but that there existed an “unusual hardship”, “practical difficulties”, or “particular hardship”. Mr. Healy testified that he sought the variance for the sole reason of obtaining additional storage space in order to increase his supply of materials and enlarge his business.
In State ex rel. Phillips v. Board of Zoning Adjustments, La.App., 197 So.2d 916, 919, it was held that financial reasons do not constitute sufficient hardship or difficulties to warrant a variance under 4(3) (b).
“Even if financial loss had been shown, such loss is only a factor to be considered in determining hardships and will not, standing alone, constitute a hardship sufficient to justify a variance”.
In Korns, the applicant, Touro Infirmary, sought to build an entirely new 72-foot facility in violation of the Zoning Ordinance. The “hardship” asserted was that if the variance were not granted, federal funds would be forfeited and that space would not be utilized fully. Citing Phillips, the court in Korns at page S10 of 223 So.2d stated that these reasons are not the types of hardship or difficulties “envi *347 sioned by the drafters of the Zoning Ordinance”. And in Phillips, this court stated that even though other applicants were granted variances, when the applicant sought a similar variance so as to erect an additional building, it should not be granted where no unusual hardship was shown.
The applicant herein suggests to us that the Phillips and Korns cases are distinguishable from the case at bar in that in these prior cases the applicants sought variances to build large structures where none had previously stood. We are cognizant of the fact that in the instant case applicant is seeking a relatively small expansion of an existing building. However, the size of Mr. Healy’s proposed structure bears no relation to the issue of granting a variance under 4(3) (b). The test remains “unusual hardship or difficulty”.
Applicant cites the case of State ex rel. Latter v. Board of Zoning Adjustments, La.App., 94 So.2d 138, wherein a variance as to off-street parking was permitted. In Latter the court at page 141 stated that the variance was warranted in that “it seems to us an unreasonable hardship”. The court was careful to add, “In other words, it is not sufficient that the applicant merely show that he will be inconvenienced if the variance is not granted, or that his business may be increased if variance is granted”.
Although this court affirmed the variance in the Latter case, the factual situation herein requires a holding to the .contrary. Each case must be decided on its own facts. In the Phillips case the court specifically recognized that there is no stringent rule applicable to all zoning cases, when it remarked at page 919 of 197 So.2d:
“Each zoning case must be decided on the facts peculiar to it, no general rule can be formulated as to what constitutes hardship, or as expressed in the statute here under consideration, ‘unusual and practical difficulties or particular hardship’, sufficient to authorize the grant of a variance, no single factor determines what constitutes such hardship, and all relevant factors must be considered.”
After reviewing the record and the jurisprudence, we are of the opinion that no unusual hardship or difficulty was demonstrated. And under' 4(3) (b) the Zoning Board is without authority to grant a variance in the absence of such showing.
“If the record shows such hardship was insufficient to merit the granting of the variance, the Board’s decision must be set aside * * Phillips v. Board of Zoning Adjustments, supra, at p. 919.
Thus, we find that the trial court was correct in reversing the judgment rendered by the Zoning Board.
Affirmed.