542 So.2d 612 (1989)
Erva G. Guenther, Wife of/and Joseph F. GUENTHER
v.
ZONING APPEALS BOARD, PARISH OF JEFFERSON.
No. 88-CA-854.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
Writ Denied June 2, 1989.
Emile J. Dreuil, Jr., New Orleans, for plaintiffs/appellees.
Bruce D. Burglass, Parish Atty., Louis G. Gruntz, Deputy Parish Atty., David Colvin, Asst. Parish Atty., Gretna, for defendant/appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
WICKER, Judge.
The Zoning Appeals Board, Parish of Jefferson (Board) appeals a judgment reversing *613 its decision to grant a zoning variance. We affirm.
Percy Millet applied to the Board for a variance in the rear lot-line requirements in his residential neighborhood in order to build an additional bedroom on the back of his house. Although the Department of Inspection and Code Enforcement rejected this application, the Board gave him permission to reduce his rear yard from nineteen feet to six feet finding that "Inspection by members [of the Board] revealed conformity to area." One of the members of the Board noted, "Just about every one has the same type addition." A minimum of fifteen feet is required by the Comprehensive Zoning Ordinance of 1958, Section VII 4.A.3.
Erva and Joseph Guenther, Millet's neighbors to the rear, appealed that decision to the trial court. The trial court reviewed the record, including the testimony taken before the Board, and reversed the Board's decision.
... [T]he reasons for the court's judgment is that there is no evidence in the recordin fact, the record reveals to the contrary that there is no irregular size lot. The lot is a very standard, rectangular lot. No hardship whatever was shown or alleged even by the applicant, so it is not a hardship situation. The Court's conclusion is that the applicant applied for a variance as a matter of mere convenience and no other reason or cause was ever shown or alleged for the granting of the variance.
The power to impose zoning restrictions is granted by La.R.S. 33:1236 and 33:4721. La.R.S. 33:4727 empowers the local governing body to appoint a board of adjustment, which can hear appeals by any person, officer, department, board, or bureau of a municipality. The decisions of the board, in turn, can be appealed to the district court.
Pursuant to the authority granted it by the legislature, the Jefferson Parish Council adopted a Comprehensive Zoning Ordinance which outlines the standard for granting variances in yard requirements in Section XXII 3.B. (emphasis added):
B. Standards:
The purpose of the "variance" provisions of this section generally permit an applicant to apply for relief from the requirements of the letter of the ordinance when unnecessary hardship or practical difficulty exists, or when there is an exceptional or unusual physical condition of a lot, which condition is not generally prevalent in the neighborhood and which condition would prevent a reasonable or sensible arrangement of building on the lot.
The purpose of the "exception" provisions of this section generally permit the applicant to apply for use of land for purposes which may be essentially desirable, necessary or convenient to the community, its citizenry or a substantial segment thereof but which require special consideration of location and site plan because of an inherent tendency to create traffic congestion, noise, density of persons assembling, or which may cause an excessive strain on water resources or sewerage disposal facilities, or drainage, or which may cause a depreciation or diminution of value of the immediate surrounding property, or may otherwise adversely affect safety or welfare of the immediate surrounding area.

In the consideration of all appeals and all proposed variances and/or exceptions, under the terms of this ordinance, the board shall not grant approval unless it makes a finding, based upon the evidence presented to it, that each case shall indicate all of the following:

1. The approval, if granted, will not cause any diminution or depreciation of property value of any surrounding property or will not alter the essential character of the locality.
2. The approval, if granted, will tend to preserve and advance the prosperity and general welfare of the neighborhood and community.
3. The approval, if granted, will not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located, in that it will not: impair an adequate supply of light and air; or increase substantially *614 the congestions in the public streets, create a traffic hazard, or permit inadequate parking or increase the danger of fire; or substantially affect or overburden existing drainage or sewerage systems; or otherwise endanger the public safety; or cause serious annoyance or injury to occupants of adjoining premises by reason of emission of odors, fumes, gases, dust, smoke, noise or vibration, light or glare, or other nuisances.
Additionally, the board shall not grant approval of any variance unless it makes a further finding that each case shall indicate the following:
4. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district; and the special conditions and circumstances do not result form the intentional actions of the applicant or any other person who may have or had interest in the property; and the strict adherence to the regulation for the property would result in a demonstrable hardship upon the owner as distinguished from mere inconvenience; or
5. Literal interpretation of the provisions of this ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this ordinance; and granting the variance requested will generally not confer on the applicant any special privilege which is denied by this ordinance to other lands, structures, or buildings in the same district or similarly situated; and the purpose of the variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party.

By way of further delineation of standards, R.S. 33:4727 C(3)(c) also provides:
(c) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.
The standard of judicial review applied to actions of the Board is that of "abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process...." La.R.S. 33:4721. Thus the issue to be determined by the trial judge was whether or not the Board, in permitting the rear lot-line deviation, abused its discretion, unreasonably exercised its powers, excessively used the power granted it by its enabling legislation, or denied due process.
This circuit has held that
the standards established by Ordinance XXII(3)(B) provide that the Board may grant a variance if the evidence presented establishes 3(B)(1), 3(B)(2), 3(B)(3), and either 3(B)(4) or 3(B)5. Because of the use of the disjunctive coordinating conjunction "or," the ordinance does not require that all five requisites be met, only the first three and either (4) or (5).
Central Metairie Civic Ass'n v. Parish of Jefferson, 478 So.2d 1298, 1304 (La.App. 1985) (emphasis by the court), writ den. 481 So.2d 631 (La.1986).
Under this case the standard for Board approval of this zoning variance requires a showing that:
1. surrounding property values will not be negatively affected; and
2. the variance will positively affect neighborhood prosperity and welfare; and
3. the variance will not impair light and air, increase street congestion, traffic congestion or parking problems, increase fire danger, overburden drainage or sewerage, endanger public safety, or produce nuisances such as odors, fumes, gases, dust, smoke, noise, vibration, light, glare; and either
4. circumstances special to this property create a demonstrable hardship to Millet; or
*615 5. Millet would be deprived of rights enjoyed by neighboring property owners, would not be granted special privileges, and the variance would not be simply for his convenience or profit.
We find, in applying these standards to the facts in this case, that the record lacks any showing that this variance would positively affect neighborhood prosperity and welfare (# 3); that Millet is suffering demonstrable hardship (# 4); and that the variance is not simply for Millet's convenience (# 5). We agree with the trial judge's conclusion and hold that his judgment was not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
[T]he decisions of zoning boards are subject to judicial review, and where the board violates its ordinance, the courts will reverse.... If, for example, the test for granting a variance is "unusual hardship or difficulty," the board is without authority to authorize a variance in the absence of such a showing.
Town v. Gulf States Utilities, 289 So.2d 338, 340 (La.App. 1st Cir.1973) writ den. 293 So.2d 168 (La.1974), (citations omitted).
We affirm the trial judge.
AFFIRMED.