Dear Mr. Ruiz:
You have asked for an opinion from this office regarding the authority of the Board of Adjustment to grant deviations for any structures located on, or built on public right-of-way property. The inquiry was also directed to specific City Ordinances, in particular, Article V, Sec. 19-41 B, J and N, and Sec. 19-61.
LSA-R.S. 33:4727 contains the general grant of authority from the State of Louisiana to the local governing entity. At subsection C.(3)(c) it states:
 (c) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.
To make such variance effective, the Board must approve same by majority vote. Subsection D. (2). The City Ordinances you have referred us to deal with sign and billboard regulations. Resolution 96-1 of the Board of Adjustments, adopted April 2, 1996, refers specifically to an application to grant a deviation which would allow an advertising sign to remain on public right-of-way property. Consequently, I will restrict my comments to signs and billboards for the purposes of this opinion.
Section 19-41 (b) states that "No sign shall be erected on public property at any time." Section 19-41 (I) provides that "all business or advertising signs currently located on public property, with the exception of temporary signs, shall be removed within three (3) years from the adoption of this article." Subsection (t) also restricts signs on or over a public utility easement. This section (Ordinance No. 85-12, Section 1) has an adoption date of August 20, 1985, or almost eleven years ago. Also passed that date was Ordinance No. 85-12, Section 1, now Section 19-61, that provides at subsection (a):
 All existing permanent advertising signs which were legally erected but are nonconforming according to the provisions of this article shall be discontinued and removed within ten (10) years of the effective date of this article and after receiving notice as stated in subsection (c) below.
Subsection (c) requires a certified mail notice to begin removal within 30 days of receipt of the notice and completion of removal with 60 days.
Based on the information in the resolution (96-1) we must assume that the advertising sign at issue was erected on the public property before the effective date of any of the above referenced ordinances. Any sign erected after the effective date on public property would be, on its face, illegal and the Board would be without any authority to grant a variance for an illegal structure. This would be an abuse of discretion. See, Curran v.Board of Zoning Adjustments Through Mason, 580 So.2d 417(La.App. 4 Cir. 1991); Guenther v. Zoning Appeals Board, Parish ofJefferson, 542 So.2d 612 (La.App. 5 Cir. 1989). Therefore, the question comes down to whether this non-conforming sign is governed by the provisions of Section 19-41(I) or Section 19-61. It is our opinion, in regard to signs on public property, that the provisions of Section 19-41(I), which are more specific, control. If the sign was erected before 1985, and subject to a maximum removal schedule of three years, the sign has been illegally located on public property for approximately eight years. Even under a liberal reading of Section 19-61, the sign should have been removed last year. These ordinances are the positive law regarding signs on public property, and the Board is without authority or discretion to grant a variance that effectively changes the ordinance itself. To do so would violate the spirit and the letter of LSA-R.S. 33:4727. The discretionary function of the Board incorporated in LSA-R.S. 33:4727 is predicated on the conclusion that implementation of the ordinance would result in "practical difficulties or unnecessary hardship" to the applicant. In Curren, supra, the court indicated that the threshold requirement for consideration of a variance request is that the variance was necessary to prevent hardship to the owner, and as elaborated on in Guenther, supra, the variance is not strictly for the convenience of the sign owner. In the case at hand, there has been ample notice of the intent of the City of Morgan City to clear signs from public property, an action taken in accordance with the undisputed police power of the City. The Board is bound to apply the ordinances if they are clear on their face. What is beyond the discretion of the Board is a variance that, in effect, puts the applicant above the law by ignoring the spirit of the ordinances.
In conclusion, given the strict language governing construction and maintenance of signs on public property, it is our opinion that the Board of Adjustments is without authority to grant any variances in regard to those properties. The intent is clear, the City wants to phase out any signs on these properties within a reasonable time and to keep them clear of commercial advertising in the future. To grant any variance that would allow the signs to continue to exist on public property is in direct conflict with the clear letter of the law.
We hope this is responsive to your request, however should you have any additional questions or comments, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________________ Robert B. Barbor Assistant Attorney General