I,SOL GOTHARD, Judge.
In this zoning dispute, plaintiffs, Sandra Pace, wife/of and Stephen Lagraize, and Estate Developments, L.L.G. (Lagraize), appeal from a decision of the trial court in favor of defendant, the Parish of Jefferson, granting the Parish’s petition for nullity, and denying plaintiffs’ petition for declaratory judgment to enforce a decision of the Jefferson Parish Zoning Appeals Board (Zoning Board). For the following reasons, we reverse and remand the matter for further proceedings.
| oFACTS
The plaintiffs purchased a piece of property from the State of Louisiana, Department of Transportation and Development (DOTD) in February of 1997. DOTD had acquired the property in 1959, and had used it as a real estate office since that time. Although the property was zoned R-l, residential, zoning ordinances in effect at that time allowed governmental agencies to use property for public purposes. In 1966, the ordinances were amended to require Parish approval for a governmental agency to use the property. The DOTD did not get permission at that time, but did continue to use the property to conduct real estate transactions.
Plaintiffs purchased the property, planning to continue its use as a real estate office. They applied to the Director of Inspection and Code Enforcement for a building permit to make improvements. On March 13, 1997, the permit application was denied on the grounds that a private office building was not a permitted use in the area zoning R-l. Plaintiffs appealed this decision to the Zoning Board.
On May 12, 1997, the Board issued a ruling granting to plaintiffs the building permit. Three days later, plaintiffs received a letter from an Assistant Parish Attorney advising that the decision of the Board had been rescinded. There is nothing signed by the Zoning Board to that effect in the record.
On July 12, 1997, plaintiffs filed a petition for declaratory judgment, seeking enforcement of the decision of the Zoning Board, asserting that the decision was correct and that it could not be rescinded. On July 17, 1997, plaintiffs filed an amended petition asserting deprivation of property without |4due process of law. On October 18, 1997, the Parish filed a petition to annul the decision of the Board. The two cases were consolidated in the district court.
On April 12, 2000, the trial judgment granted the Parish’s petition for nullity. Plaintiffs appeal to this court was dismissed as it was taken from a partial judgment not designated as final.
After remand, the plaintiffs filed a motion to rescind the judgment of the trial court, while the Parish filed a motion for summary judgment. The trial court rendered judgment on April 10, 2001, denying both the motion for summary judgment and the motion to rescind the judgment of nullity.
On July 5, 2001, pursuant to a motion, the trial court designated the judgment as final for purposes of immediate appeal. This appeal followed.

ANALYSIS

In this appeal, plaintiffs assert eight allegations of error, which present two issues for consideration. First, plaintiffs argue that the trial court erred in its consideration of the petition for nullity. Second, they allege that the trial court erred in its rulings that reviewed the merits of the ruling of the Zoning Board. Because we find merit in plaintiffs’ argument that the trial judge erred in granting the peti *444 tion for nullity, we need not reach the remaining allegations presented.
Plaintiffs allege that the trial court erred in rendering a judgment based on the merits of the decision of the Zoning Board, rather than on the nullity actions. Plaintiffs further allege that the trial court does not have the authority to review the judgment, because the Parish did not follow the appropriate appeal procedures.
| KThe Parish filed its petition for nullity pursuant to La. C.C.P. art.2002[1], alleging the Zoning Board did not have the jurisdiction to grant the relief requested and further that the judgment was null:
The May 15, 1997 decision of the Zoning Appeals Board granting the defendants the ability to use the Property as a private office building, a use not permitted in an R-l district, constitutes a zoning change and is therefore beyond the jurisdiction of the Zoning Appeals Board to grant.
Plaintiffs argue that, in granting the petition for nullity, the trial court ruled on the merits of the validity of the Zoning Board decision, rather than on the issue of jurisdiction.
The power to impose zoning restrictions is granted by La. R.S. 33:1236 and 33:4721. La. R.S. 33:4727 empowers the local governing body to appoint a board of adjustment, which can hear appeals by any person, officer, department, board, or bureau of a municipality. The decisions of the board, in turn, can be appealed to the district court. Guenther v. Zoning Appeals Bd., Parish of Jefferson, 542 So.2d 612, 613 (La.App. 5 Cir.1989), writ denied, 544 So.2d 407 (La.1989). La. R.S. 33:4727 states in pertinent part:
(C)(2)(a) Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. Appeals shall be taken within a reasonable time, as provided by the rules of the board, by filing |fiwith the officer from whom the appeal is taken, and with the board of adjustment a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken, after all transcript costs and all other costs of appeal are paid by the person or entity taking the appeal, the appellant.
[[Image here]]
(3)The board of adjustment shall have the following powers:
(a) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of R.S. 33:4721 through R.S. 33:4729 or of any ordinance adopted thereto.
(b) To hear and decide all matters referred to it or upon which it is required to pass under the ordinance.
*445 (c) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.
D. (1) In exercising the above mentioned powers the board may, in conformity with R.S. 33:4721 through R.S. 33:4729, reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from and may make such order, requirement, decision, or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken.
* * *
E. (1) Any person or persons jointly or severally aggrieved by any decision by the board of adjustment, of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within |7thirty days after the filing of the decision in the office of the board.
Pursuant to these statutes, the Parish of Jefferson established the Zoning Board, and promulgated rules and regulations governing the conduct of business of the Board. Article XLII, Section 40-792 gives the Zoning Board the power “to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the director of inspection and code enforcement.” Section 40-793 limits the Zoning Board’s review as follows:
a. In exercising the above-mentioned powers, the board may affirm or reverse wholly or partly or may modify the decision or determination appealed from and may make such other order, requirement, decision or determination as said board may deem proper and within its authority. However, the board shall not render any judgment or make any decision or determination which would constitute a zoning change.
In this case, the plaintiffs sought review of a decision of the Director of Inspection and Code Enforcement, which denied a building permit. This is clearly within the jurisdiction of the Zoning Board, as set forth in the above statutes.
The Parish appears to argue that the decision of the Zoning Board constitutes a zoning change, and thus, the Board did not have jurisdiction of this matter. We find this argument to be without merit. Jurisdiction is not a result-oriented doctrine. The Zoning Board’s decision allows a non-conforming use of the property in question; it does not change the zoning of that property. Thus, that decision is not subject to an action for nullity. Accordingly, we find that the trial court erred in granting the petition for nullity filed by the Parish of Jefferson.
|RIn its reasons for judgment, the trial court ruled on correctness of the decision rendered by the Zoning Board. This ruling is appropriate for an appeal, and not for a petition for nullity. Here, there was no timely appeal filed by the Parish of Jefferson.[2] However, opponents of an ac *446 tion taken by a Zoning Board are not entitled to a review of the merits of the action after appeal delays have expired. Aucoin v. City of Mandeville, 552 So.2d 714, 717 (La.App. 1 Cir.1989); Kaplan Telephone Co. v. City of Kaplan Board of Adjustment, 458 So.2d 664 (La.App. 3 Cir. 1984), writ denied, 462 So.2d 210 (La.1985); Greenup v. City of New Orleans, 212 So.2d 235 (La.App. 4 Cir.1968).
For the above discussed reasons, the ruling of the trial court granting the petition for nullity is reversed, and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. La. C.C.P. art.2002 provides that a final judgment shall be annulled if rendered "by a court which does not have jurisdiction over the subject matter of the suit.” La. C.C.P. art. 3 states that, "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment which is rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” This same rule applies to a ruling by an administrative commission. Robinson v. City of Baton Rouge, 566 So.2d 415, (La.App. 1 Cir.1990). Thus, a decision of the Zoning Board may be found null if the board did not have subject matter jurisdiction over the matter before it.

. Instead of filing an appeal, the parish attorney sent a letter stating that the decision was *446 incorrect. There is no authority to allow counsel to set aside a judgment of an administrative board by the mailing of a letter.