| ¡.EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Sandra Pace, wife of/and Steven La Graize and Estate Developments, L.L.C., plaintiffs-appellants, from a partial summary judgment dismissing their federal claims under 42 U.S.C. § 1983 against Robert Early, an assistant Jefferson Parish attorney. For the following reasons we affirm the judgment.
The facts of this case are set out in Lagraize v. Parish of Jefferson, 01-1083 (La.App. 5th Cir.1/15/02), 805 So.2d 442, writ denied, 2002-0738 (La.5/12/02), 815 So.2d 844, and need not be repeated in detail here. We do note the following particulars, however, because they are necessary to understand our disposition of the case.
In 1997 plaintiffs bought from the Louisiana Department of Transportation and Development a building that had been used for some years by the agency as a place to conduct real estate transactions. The building was zoned residential, a classification which prohibited its use for commercial purposes. However, prior to |31966 state agencies were allowed to use properties for agency purposes without seeking approval of the governing authority. After 1966 these agencies were required to seek such approval, but in the present case the DOTD did not do so. Nonetheless, the use being made of the property was a permitted use within the zoning classification.
When plaintiffs bought the property they assumed that its use as a real estate office had been grandfathered in and they sought permits to remodel the structure for this purpose. The permits department refused to issue the permits and plaintiffs filed an appeal with the Zoning Board. On May 12, 1997, the Board issued a ruling granting plaintiffs’ request for non-conforming use status. Three days later Robert Early, an assistant parish attorney, wrote plaintiffs to inform them that the Zoning Board had misunderstood the status of the property while being used by the DOTD, which in his opinion was that of a permitted use in the zoning classification, rather that a non-conforming use. He further stated that what the Board had in effect done was rezone the property, a function which was beyond its authority. He stated that because of this lack of jurisdiction by the Board, he was rescinding its ruling. Finally he advised plaintiffs that their proper remedy was to apply to the Planning Advisory Board and Parish Council to have the property re-zoned.
Plaintiffs instead decided to seek relief in the courts and filed suit to have the court order enforcement of the Zoning Board’s decision in their favor, as well as award damages. The Parish, for its part filed a separate action some months later to have the decision vacated as being beyond the jurisdiction of the Board, and the suits were consolidated. During the course of the litigation plaintiffs also filed an amended petition naming Early as a defendant and asserting against him a claim under 42 U.S.C. § 1983.
*573 |,Jn the meantime, the Parish’s nullity action resulted in a district court judgment basically upholding the position taken by the Parish in the Early letter, i.e. that the Zoning Board lacked authority to grant the non-conforming use status and thus the Board’s action was a nullity. This court reversed that judgment holding instead that the only remedy to a decision by the Zoning Board was for the aggrieved party (here the Parish) to seek judicial review within 30 days of the decision. Because the parish did not file its nullity action within the 30 day period the ruling of the Zoning Board became final and no longer subject to attack. Lagraize v. Parish of Jefferson, supra. The case was remanded to the district court for further proceedings.
Early thereupon filed individually a motion for summary judgment as to the 42 U.S.C. § 1983 claim, which was granted. Plaintiffs now appeal that judgment. Their theory here is that the Early letter violated their federal due process rights by purporting to revoke a property right under color of state law without giving them an opportunity to be heard.
Assuming, arguendo, that there was a procedural due process violation, that fact alone would not entitle them to assert a 42 U.S.C. § 1983 claim. In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and Parrott v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) the Court enunciated the Parratt/Hudson doctrine applicable to 42 U.S.C. § 1983 actions as follows. A state actor’s random and unauthorized deprivation of a plaintiffs property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy.
Thus, the two issues here are first whether Early’s actions were random and unauthorized, and second does state law provide an adequate remedy. As to Early’s action in purporting to vacate a decision by the Zoning Board, this court has ruled that he had no such authority under state law or parish ordinance. Lagraize v. Parish of Jefferson, supra. There is no allegation that such action was undertaken on a regular basis by assistant parish attorneys. It is thus clear that Early acted randomly and without legal authorization.
As to an adequate state remedy, it is equally clear that plaintiffs have pled facts which would state an action in negligence against the Parish. Plaintiffs argue that the state tort remedy is not adequate because they would not be entitled to attorney fees under state law, while they would be under 42 U.S.C. § 1983. This argument was rejected in Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985), and we see no reason to depart from that holding here. Since both prongs of the Parratt/Hudson doctrine have been met, plaintiffs have no 42 U.S.C. § 1983 claim to assert against Early.
Plaintiffs also advance an argument that their substantive due process rights were violated, therefore constituting a second basis for proceeding under 42 U.S.C. § 1983. In Weimer v. Amen, 870 F.2d 1400 (8th Cir.1989), the court discussed the availability of 42 U.S.C. § 1983 actions for substantive due process claims. It pointed out that where a procedural due process claim based on a violation of state law is not allowed under the Parratt/Hudson doctrine, a substantive due process claim based on the same allegations would likewise be disallowed. Here, the act of purporting to nullify a decision of the Zoning Board was a violation of state and/or parish laws and is the sole basis of plaintiffs’ § 1983 action against Early. Because we have determined that there is no procedural due process claim to be asserted under Parratt/Hudson for this violation, we also *574 rule that there is no substantive due process claim based on the same allegations.
For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.