laKUHN, Judge.
Petitioner-appellee, Rachel Sapp, applied for an administrative permit on October 7, 1994, seeking a home professional office under the provisions of St. Tammany Parish Land Use Regulation Zoning Ordinance No. 523 (“the zoning ordinance”). By letter dated October 18,1994, the St. Tammany Parish Police Jury, Department of Development, denied Sapp’s application. Sapp appealed the decision to the Board of Adjustment for the parish of St. Tammany (“the Board”), in accordance with La.R.S. 33:4780.46(B). The Board affirmed the denial of Sapp’s application and advised Sapp to apply for a conditional use permit. Instead, in accordance with La.R.S. 33:4780.47 Sapp presented to the district court a petition seeking the issuance of a writ of certiorari directed to the Board to review their decision. After a hearing during which testimony was presented, the district court reversed the decision of the Board and granted Sapp’s request for an administrative permit authorizing a home professional office. A judgment specifying the terms of the administrative permit was signed on June 29, 1995. From this judgment, the Board has appealed.
MOTION TO DISMISS APPEAL
Subsequent to the lodging of the Board’s appeal, appellee filed a motion to dismiss the appeal. Sapp contends the Board has no legal interest in maintaining its decision denying her application for an administrative permit, and urges the Board has no right to appeal the district court judgment.[1]
A zoning board of adjustment is a quasi-judicial body which cannot appeal from a judgment of a district court rendered on a petition for review of a determination of the board. State ex rel. Hurley v. Zoning Board of Appeal and Adjustment, 198 La. 766, 4 So.2d 822, 823 (1941); State ex rel. Bringhurst v. Zoning Board of Appeal and Adjustment, 198 La. 758, 4 So.2d 820, 821-822 (1941); River Oaks-Hyman Place Homeowners Civic Ass’n v. City of New Orleans, 281 So.2d 293, 294 (La. 4th App.Cir.1973). The Louisiana Supreme Court observed:
IgObviously, the Zoning Board of Appeal and Adjustment has no more right to appeal from the decision of the Civil District Court reversing its own decision than one of the judges of the Civil District Court would have to appeal to this Court from a judgment of the Court of Appeal reversing one of his decisions.
State ex rel. Bringhurst, 4 So.2d at 822.
As a general rule, a board exercising quasi-judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal. State ex rel. Bringhurst, 4 So.2d at 822. Additionally, we note La.R.S. 33:4780.47, provides for judicial review of a decision of a board of adjustment by way of presentation of a petition for a writ of certio-rari in district court and states in relevant part, “the board of adjustment shall not be a party to such civil action and proceeding” in district court. La.R.S. 33:4780.47(E).
The record shows the motion and order for appeal was filed by “St. Tammany Parish Board of Adjustments (sic).” Since the Board is not a party and has no legal interest in the district court proceeding, it has no *121 right to appeal the judgment reversing the denial of the administrative permit for a professional home office.[2]
The motion to dismiss is granted.[3] Costs of this appeal in the amount of $930.50 are assessed against appellant.
MOTION TO DISMISS GRANTED.

. La.C.C.P. art. 2162 allows an appeal to be dismissed when "there is no right to appeal.”

. We note the governing authority for the parish of St. Tammany did not choose to pursue an appeal. See La.C.C.P. art. 2086.

. Because the Board is not a party and has no legal interest in this proceeding, it has no standing to file a peremptory exception pleading the objection of nonjoinder of a party under La. C.C.P. arts. 641 and 642.