JjPETERS, J.
The State of Louisiana Department of Revenue and Taxation (Department of Revenue and Taxation) has appealed the trial court’s grant of a summary judgment in favor of the Office of District Attorney of the Fifteenth Judicial District (District Attorney) ordering the cancellation of its tax lien filed in the records of the office of the Lafayette Parish Clerk of Court (Clerk). For the following reasons, we reverse the trial court’s judgment and remand for further proceedings.
DISCUSSION OF THE RECORD
The origin of this litigation can be traced to a 1992 Lafayette Parish, Louisiana criminal investigation which lead to a search of Michael Zenon’s property at 103 South Refinery Street in the City of Lafayette. Pursuant to a search warrant, law enforcement "officers searched the property and seized $15,431.00 in cash, two scales, two ice chests, a 1991 Oldsmobile, a 1980 Ford pickup truck and approximately ten pounds of marijuana. Thereafter, Mr. Zenon and Lois Breaux were charged with multiple counts of state narcotics law violations.
On November 9, 1992, a representative of the Drug Asset Recovery Team (DART), an entity described as “a project of the Louisiana District Attorneys Association,” and purporting to represent the Fifteenth Judicial District, executed a document identified as a “NOTICE OF FORFEITURE LIEN.” This document asserted a forfeiture lien pursuant to La.R.S. 40:2608(5)(a) against Mr. Zenon’s South Refinery Street property. However, this hen was not recorded in the Clerk’s records until September 18, 1996. On December 10, 1992, a representative of the Department of Revenue and Taxation executed a document entitled “TAX ASSESSMENT AND LIEN,” which was filed in the Clerk’s records on December 12, 1992. This tax lien | ¿totaled $31,209.49[1] and represented an assessment pursuant to the Marijuana and Controlled Dangerous Substances Tax Act, La.R.S. 47:2601, et seq. It named Mr. Zenon as the delinquent taxpayer and identified his address as the South Refinery Street property.
On September 20, 1993, Mr. Zenon pled guilty to possession of marijuana with intent to distribute, and Ms. Breaux pled guilty to possession of marijuana. Thereafter, on October 17, 1994, the District Attorney filed a petition to obtain a forfeiture of all the items seized in the September 1992 search except the ice chests. The petition named Mr. Zenon and Ms. Breaux as defendants in the forfeiture action and made no mention of the Department of Revenue and Taxation, DART, or the two hens.[2]
The matter is now before this court because of a January 30, 1998 written settlement agreement entered into between the District Attorney and the defendants whereby the defendants agreed to forfeit to the state all of the property described in the District Attorney’s petition except the 1980 Ford truck. Additionally, the District Attorney agreed to dismiss the suit and dispose of the property forfeited pursuant to the provisions of La.R.S. 40:2616. The DART representative executed the written settlement agreement on behalf of the District Attorney. Mr. Zenon, who by this time in the htigation was representing himself, Ms. Breaux and her attorney also executed the document. The settlement *1045 agreement made no reference to the Department of Revenue and Taxation or to either recorded lien.
|sThis settlement agreement should have concluded the litigation. However, that was not the case. The suit was not dismissed, and on October 15, 1999, or more than twenty months after the settlement was reached, the District Attorney filed the motion for summary judgment which is the subject of this appeal. The order executed by the trial court ordered the Department of Revenue and Taxation, as. well as Mr. Zenon and Ms. Breaux, to show cause why both liens should not be can-celled.
Inexplicably, the Department of Revenue and Taxation voiced no objections to being joined to this litigation through the motion for summary judgment and appeared at the show cause hearing. After the hearing, the trial court granted the motion for summary judgment and ordered the liens canceled. In its appeal, the Department of Revenue and Taxation asserts two assignments of error:
1. The trial court erred in finding that the Lafayette Parish District Attorney had the power to cause a tax lien issued by the Louisiana Department of Revenue to be cancelled.
2. The trial court erred in allowing the Lafayette Parish District Attorney, an entity of the Judicial Branch of the State, to unconstitutionally exercise a power exclusively reserved to the Executive Branch.
OPINION
Our review of this appellate record raises a number of troubling questions, not the least of which is how the Department of Revenue and Taxation became a party to this six year-long litigation through a motion for summary judgment. Summary judgment procedure provides that a “plaintiff or defendant in the principal or any incidental action ... may move for a summary judgment in his favor for all or part of the relief for which he has prayed La.Code Civ.P. art. 966(A)(1) (emphasis added). Certainly, the District Attorney is the plaintiff in the principal action, but the relief granted against the Department of Revenue and Taxation is not the relief prayed [ 4for in the petition and is relief sought against an agency never properly brought into the litigation as a party.
Equally important, the motion for summary judgment states nothing about the status of the Department of Revenue and Taxation in the litigation. Its one paragraph reads as follows:
NOW INTO COURT, through the undersigned attorneys, come the State of Louisiana and on suggesting to the Court that, as will appear from the pleadings, civil discovery, deposition of Lois Breaux,[3] and the attached affidavit, there is no genuine issue of material fact in this case; and that pursuant to Article 966 of the Louisiana Code of Civil Procedure, mover, the State of Louisiana, is entitled to SUMMARY JUDGMENT, in its favor as prayed for in this petition, as a matter of law.
The only mention of the Department of Revenue and Taxation is in the requested order attached to the motion. The trial court executed the attached order for Mr. Zenon and Ms. Breaux to show cause “why summary judgment should not be rendered ... in favor of the State of Louisiana, and against [Mr. Zenon] and [Ms. Breaux], forfeiting the property” which had been the subject of the original forfeiture action, except for the property which the parties had agreed was not subject to the forfeiture, and for the Department of Revenue and Taxation to show cause why the two liens should not be canceled from the public records.
Even the memorandum filed by the District Attorney in support of the motion for summary judgment fails to suggest any authority for the Department of Revenue *1046 and Taxation’s involvement in the litigation other than the mere existence of its lien. The memorandum merely asserts that “the state has made several attempts to negotiate with the Department of Revenue concerning the removal of the Marijuana Tax Lien, to no avail.”
|sIf a person claims an interest in “the subject matter of the action and is so situated that the adjudication of the action in his absence may ... impair or impede his ability to protect that interest” or “[l]eave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations,” he “shall be joined as a party to the action.” La.Code Civ.P. art. 641(2). Certainly, the motion for summary judgment cannot be construed as a petition under La. Code Civ.P. art. 891, and it bears no resemblance to the requirements for a written motion as set forth in La.Code Civ.P. art. 962. Despite these blatant procedural defects, the Department of Revenue and Taxation filed no exceptions or other pleadings addressing its status and made no mention of this procedural defect at the hearing on the motion for summary judgment. This court may notice that a suit is subject to an exception of nonjoinder of a party, an exception of no cause of action or an exception of no right of action on its own motion. La.Code Civ.P. art. 927(B). However, we choose to dispose of this appeal on the merits.
The source of the District Attorney’s authority to bring the forfeiture action against Mr. Zenon and Ms. Breaux is found in the Seizure and Controlled Dangerous Substances Property Forfeiture Act, La.R.S. 40:2601, et seq., and more specifically, La.R.S. 40:2612. However, this Act provides no authority to the District Attorney over the actions of the Department of Revenue and Taxation. The Department of Revenue and Taxation’s authority for imposition of a tax on marijuana is found in the Marijuana and Controlled Dangerous Substances Tax Act, La.R.S. 47:2601, et seq., which, among other things, levies a $3.50 tax “on dealers of marijuana” on each gram of marijuana, or portion thereof, the dealer may possess. La.R.S. 47:2601(1). The act also provides a procedure by which marijuana dealers pay through the purchase Lof tax stamps from the Department of Revenue and Taxation. La.R.S. 47:2603. Failure to pay the tax subjects a marijuana dealer to both civil and criminal penalties. La.R.S. 47:2607.
Tax assessment and collection procedures for the Department of Revenue and Taxation are governed by La.R.S. 47:1561, et seq. Concerning cancellation of a lien, La.R.S. 47:1578 provides:
A. In any case when the tax, penalty, or interest secured by a recorded lien, privilege, and mortgage have been paid, the secretary or his authorized assistants or attorneys may authorize the cancellation thereof.
B. In other cases, the secretary may authorize the cancellation or release of a lien, privilege, or mortgage subject to the following terms and conditions:
(1) The secretary, upon application of a taxpayer, may authorize the cancellation of any lien, privilege, or mortgage or other encumbrance recorded by virtue of this Subtitle, provided the taxpayer furnishes a surety bond in favor of the secretary executed by a surety company duly qualified to do business in this state in an amount of not less than one and one-half times the amount of the obligation due, including penalties, interest, and other costs incurred.
(2) Subject to approval by the Board of Tax Appeals, the secretary may authorize the release of any real property from the effect and operation of any lien, privilege, mortgage, or other encumbrance, recorded by virtue of this Subtitle, provided, that the secretary is satisfied that the remaining real property belonging to the tax debtor and upon which said lien, privilege, and mortgage bears, is valued at not less than the amount of the remaining tax obligation, *1047 including all penalties, interest and other costs incurred, and the amount of all prior liens upon such property. In determining the value of the remaining property, due consideration shall be given to prior ranking encumbrances, if any exist on said property.
(3) Subject to the approval of the Board of Tax Appeals, the secretary may issue a certificate of release of any part of the property subject to any lien, privilege, mortgage, or other encumbrance recorded by virtue of this Subtitle, if there is paid over to the secretary in part satisfaction of liability an amount determined by the secretary, which shall not be less than the value of the interest of the state of Louisiana in the part to be so released.
(4)(a) Notwithstanding any other provision of this Chapter, the secretary, with the approval of two assistant secretaries and the Board of Tax Appeals, may compromise any judgments for taxes of five hundred thousand dollars or less exclusive of interest and penalty, l7including assessments for such amounts which are equivalent to judgments upon a determination that any of the following apply:
(i) There is serious doubt as to the collectibility of the outstanding judgment.
(ii) There is serious doubt as to the taxpayer’s liability for the outstanding judgment.
(iii) The administration and collection costs involved would exceed the amount of the outstanding liability.
(b) This authority is wholly discretionary, and no taxpayer shall have a right to a compromise under the provisions of this Paragraph.
(c) A complete record of all such compromises shall be kept by the secretary, shall be open to public inspection, and, notwithstanding the provisions of R.S. 47:1508 and 1508.1, each such compromise shall be published in the department’s annual report.
Nothing in that statute provides any authority to the District Attorney over a Department of Revenue and Taxation lien.
Louisiana Constitution Article II, § 1, provides that “[t]he powers of government of the state are divided into three separate branches: legislative, executive, and judicial.” Additionally, absent a constitutional authorization otherwise, “no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.” La. Const. art. II, § 2.
District Attorneys are a part of the judicial branch of state government. La. Const. art. V, § 26. Their powers are defined in La. Const. art. V, § 26(B) as follows:
Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
The Department of Revenue and Taxation is a part of the executive branch as defined in La. Const. art. IV, § 1, et seq. It is organized pursuant to the Executive Reorganization Act, La.R.S. 36:1, et seq., and its Secretary is appointed by the governor with the consent of the senate. La.R.S. 36:453. The Secretary’s powers and | sduties are set forth in La.R.S. 36:454, and include representation of the public’s interest in the administration of the office. La. R.S. 36:454(A)(1).
In brief, the District Attorney cites no authority for its request for relief and, indeed, seems to suggest that it was the district court, and not the District Attorney, that actually cancelled the lien. In doing so, the District Attorney stated that “[ojbviously the District Attorney has no authority over the disposition of public records in the Clerk of Court’s office or over the removal of liens, filed by the Depart *1048 ment of Revenue and Taxation. However, the district court does possess this ultimate inherent and plenary authority.” This argument ignores the fact that a trial court cannot grant relief of any nature absent a request for such relief by a party so entitled.
The District Attorney also suggests that La.R.S. 47:2608 authorizes its action. Louisiana Revised Statute 47:2608(C) addresses the relationship the Marijuana and Controlled Dangerous Substances Tax Act bears to the Seizure and Controlled Dangerous Substances Property Forfeiture Act. It provides that:
The filing of an action for forfeiture or seizure in accordance with the provisions of R.S. 40:2601 through 2622 shall preempt and result in a superior lien or security right in any property which is subject to seizure and sale pursuant to the provisions of this Part.
Thus, the in rem action filed by the District Attorney grants the District Attorney a superior ranking over the Revenue Department, but it does not extinguish the Revenue Department’s lien.
We conclude that the constitutional separation of powers between the executive and judicial branches precludes the District Attorney from exercising the authority of the Secretary of the Department of Revenue and Taxation. Therefore, the trial court erred in granting the cancellation of the Department of Revenue and Taxation's 1 glien.
We further note that the trial court erred for additional reasons. Despite the District Attorney’s assertions to the contrary, the written settlement agreement contains no discussion of the cancellation of the liens at issue. In fact, it limits itself to the division of the property specifically described in the in rem litigation. Further, nothing in this appellate record suggests that the liens played any part in the settlement negotiations, and they seem to have been an afterthought. In the memorandum submitted in support of the motion for summary judgment, the District Attorney stated the following:
The state and the defendant reached an agreement as to the settlement and division of the aforementioned property some time ago, however, this agreement was contingent upon all liens being removed from the real property owned by Zenon and Breaux.
Factually, the written settlement agreement does not support this statement. Thus, at the very least, there would have been a factual dispute that would preclude summary judgment. La.Code Civ.P. art. 966.
DISPOSITION
For the foregoing reasons, we reverse the trial court’s grant of the summary judgment in favor of the District Attorney ordering cancellation of the Department of Revenue and Taxation’s tax lien. All costs are taxed against the Office of District Attorney of the Fifteenth Judicial Distinct.
REVERSED AND REMANDED.

. The amount due under the lien represented $15,281.00 in taxes, $15,302.50 in penalties and $625.99 in interest through January 1, 1993. It further provided for accrued interest from that date and for ten percent of the total due as attorney fees.

. The individual who signed the original pleading asserted that he was an assistant district attorney. However, the signature appears to be that of the representative of DART who appears as the District Attorney’s representative throughout the remainder of the litigation.

. Ms. Breaux's deposition is not a part of the record.