830 So.2d 542 (2002)
In re Norman and Joan OSTARLY,
v.
ZONING APPEALS BOARD, PARISH OF JEFFERSON.
No. 02-CA-55.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
Rehearing Denied November 25, 2002.
*543 Jerald L. Album, Patrice W. Oppenheim, Metairie, LA, for Appellant.
Randall J. Meyer, New Orleans, LA, for Appellees, Norman and Joan Ostarly.
Alex D. Lambert, Assistant Parish Attorney, Harahan, LA, for Appellee, Parish of Jefferson.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Appellant Jeff Hauck appeals a consent judgment between plaintiffs/ appellees Norman and Joan Ostarly, and the Parish of Jefferson. We affirm.
The subject of the present appeal involves property located at 805 Poplar Avenue in Metairie owned by the Ostarlys. Prior to February of 1999, there existed a three and one-half foot high chain link fence running along the sidewalk on Poplar Avenue and continuing along the side property line of their neighbor's (Hauck's) driveway. In February, 1999, the Ostarlys installed an above-ground pool and deck in their yard. The old fence was removed and in its place the Ostarly's installed a six-foot high vinyl fence, in the same footprint as the original. Mr. Hauck complained to the Department of Inspection and Code Enforcement for Jefferson Parish. After inspection, it was determined that the new fence exceeded the permit, which required the fence to be replaced exactly, and a citation was issued.
The Ostarlys applied to the Jefferson Parish Zoning Appeals Board for a variance, stating that because the pool, deck, and fence were already in place, it would be a hardship to remove the fence. Mr. Ostarly appeared at the hearing in proper person, at which hearing Mr. Hauck testified that he was concerned that the fence obstructed his view of the sidewalk from his driveway. There are two *544 elementary schools within 6 blocks, and he had already narrowly avoided an accident. Further, Mr. Hauck had been advised that his property value was adversely affected. Other witnesses also testified. At the conclusion of the hearing, the Appeals Board denied the variance request.
The Ostarlys filed a Petition for Writ of Certiorari to the Twenty-Fourth Judicial District Court, challenging the decision of the Appeals Board. The Jefferson Parish Attorney's Office represented the Board at the district court hearing on June 1, 2001. Mr. Hauck also appeared, advising the trial court that he was represented by an attorney, but his attorney was not present. No intervention was filed on behalf of Mr. Hauck.
During argument, counsel for the Ostarlys stated that as a result of the Board's decision, they had cut off the corner of the fence at the sidewalk, improving visibility. The trial court opined that a further hearing, possibly including additional testimony, would be necessary to determine the issue. After hearing argument of counsel, the trial court determined to convert the matter to a status conference, and included Mr. Hauck, although he had not intervened. Following the conference, the court stated that the Parish was to review the situation, determine whether or not it the current fence posed a danger, and so notify the court. The matter was to be resolved by June 29, 2001. Mr. Hauck was instructed to notify his attorney of the proceedings.
On October 9, 2001, the Parish and the Ostarlys entered into a consent Judgment which was approved by the trial court. The judgment declared that the Ostarlys were to move the entire fence a total distance of two feet inward from its then-existing location along the sidewalk. It was further ordered that the Ostarly's indemnify and hold harmless the Parish for any and all costs and damages that may arise in connection with the location of their fence. It is from this judgment that Mr. Hauck appeals.
On appeal, Mr. Hauck urges that the trial court exceeded its power of review by approving the judgment. He further contends that the Parish Attorney had no authority to enter into the judgment on behalf of the Board, and that the judgment violates the Equal Protection and/or Due Process Clauses of the Louisiana and United States Constitutions.
The Jefferson Parish Code of Ordinances reads in pertinent part as follows:
Sec. 40-796. Judicial Review
Any person or persons jointly or severally aggrieved by a decision of the zoning appeals board, or any officer, department, commission, board bureau, district, or any other agency of the parish may file a petition for a writ of certiorari or other appropriate legal proceedings to review said decision with the Twenty-fourth Judicial District Court in and for the Parish of Jefferson, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality.....
If following review of the board's record, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.
(Emphasis supplied)
*545 The Parish Code tracks the language of LSA-R.S. 33:4727(E). The ordinance and the statute establish that the district court has the authority, not the obligation, to conduct an evidentiary hearing. The record indicates that in addition to the transcript of the Board proceedings, the trial court had access to photographs of the area, although because the matter was converted to a status conference it does not appear the photographs were formally admitted into evidence.
Normally, the determinative question in zoning board actions is whether appellant carried his burden of proof that the zoning board acted arbitrarily.[1] The actions of a zoning commission will not be disturbed on judicial review unless the court finds that they were plainly and palpably unreasonable, arbitrary, an abuse of discretion, or an unreasonable exercise of police power.[2] Had the present suit continued to be pursued, it would have been the Ostarly's burden to prove there was an abuse of discretion, etc. However, such a finding became unnecessary when the Board reached an agreement with the Ostarlys and put an end to the litigation. This agreement was memorialized as the consent judgment entered into the record of the proceedings below.
There is no basis for Mr. Hauck's assertion that the trial court had no authority to approve the settlement. Under the statutes cited above, the court had the power to reverse or affirm, in whole or in part, or to modify the Board's decision. In effect, the consent judgment modified the decision of the Board. The District Court acted well within its scope of review.
Further, the Parish Attorney had the authority to act on behalf of the Zoning Board. The Parish Attorney may institute any and all proceedings in law and/or in equity whenever it is to the best interests of the parish council, the parish, its departments, agencies, districts, and/or officers.[3] The department shall defend any and all suits instituted against the parish, its departments, agencies, districts and/or officers.[4] Mr. Hauck cites the Jefferson Parish Code of Ordinances, Section 2-144, as support for his position that the Parish Attorney is prohibited from usurping the Board's authority. That ordinance is inapplicable to the situation herein, where the Parish Attorney was obliged to defend a lawsuit brought against a parish department. As the Board's legal representative in the proceedings, the Parish Attorney had the authority to enter into the compromise, and Mr. Hauck has made no showing that it did so without the consent or approval of the Board.
Mr. Hauck argues that the Parish Attorney is a member of the judicial branch of government, and that the Board is a member of the legislative branch. Thus, according to Mr. Hauck, under Louisiana Constitution Article II Section 2, the constitutional separation of powers precludes the Parish Attorney from entering into the settlement. Not only is the case[5] cited by Mr. Hauck inapplicable to the facts herein, but the Zoning Appeals Board has been *546 recognized as a quasi-judicial body.[6] This argument is without merit.
Mr. Hauck also asserts that the judgment of the district court constitutes selective enforcement of the Code and is a violation of the due process and equal protection clauses of the Louisiana and United States Constitutions. We decline to consider this argument because Mr. Hauck has not complied with the prerequisites that the constitutionality of a statute must first be questioned in the trial court and the Attorney General must be served as he is an indispensable party.[7]
Finally, Mr. Hauck urges that we remand the matter to the district court to allow him to formally intervene in the proceedings and develop evidence. Mr. Hauck was present at the Board hearing and at the district court, at which time he was represented by counsel. The trial court permitted him to be privy to the hearing and status conference, despite the fact that he did not formally intervene in that action. He was informed by the trial court that he should notify his attorney of the court's review, well before the consent judgment was confected, and nevertheless did not file an intervention. We find no support for a remand either under the law or the facts of this case.
For the foregoing reasons, the judgment is affirmed. Mr. Hauck is assessed all costs of these proceedings.
AFFIRMED.
NOTES
[1] Parish of Jefferson v. Davis, 97-1200 (La. App. 5th Cir.6/30/98), 716 So.2d 428, writ denied 98-2634 (La. 12/11/ 98), 730 So.2d 460.
[2] Jenkins v. St. Tammany Parish Police Jury, 98-2627 (La.7/2/99), 736 So.2d 1287.
[3] Jefferson Parish Code of Ordinances, Sec. 2-141.
[4] Id., Sec. 2-142.
[5] State of Louisiana v. Fifteen thousand four hundred thirty-one dollars etc. et al., XXXX-XXXX (La. 3rd Cir.1/31/01), 779 So.2d 1043.
[6] River Oaks-Hyman Place Homeowners Civic Ass'n v. City of New Orleans, 281 So.2d 293, 294 (La. 4th App.Cir.1973); Matter of St. Tammany Parish Bd. of Adjustments 95-2005 La.App. 1 Cir. 5/14/96, 676 So.2d 119 (La. App. 1 Cir.1996).
[7] LSA-C.C.P. art. 1880; Taylor v. Giddens, 618 So.2d 834, (La.1993); Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Facio v. Glaviano, 95-35, (La.App. 5th Cir.6/28/95) 658 So.2d 33.