KUHN, J.
|2After his termination as a classified civil service employee for the City of Baton Rouge, Parish of East Baton Rouge working for the Department of Public Works (DPW) as a Maintenance Worker I at the Street-Maintenanee-South division, Daryl Turner appealed to the Personnel Board for the City of Baton Rouge, Parish of East Baton Rouge (the Board). The Board voted to reinstate Mr. Turner with a 30-day suspension without pay. DPW filed a petition for judicial review with the Nineteenth Judicial District Court. After a hearing, the district court reversed the Board and upheld DPW’s termination of Mr. Turner. The Board appealed. Finding that the Board has no right to appeal the district court’s decision, we dismiss the appeal.
BACKGROUND
Mr. Turner was terminated after DPW determined that he was involved in a non-work related activity during work hours. On July 10, 2009, Mr. Turner was detailed to weed-eating and litter-pickup jobs around Main Street and North 22nd Street. After his supervisor departed, Mr. Turner left with his two crewmembers in a City-Parish vehicle and proceeded to a vacant lot at North 47th Street and Gus Young Avenue. Mr. Turner, having made a verbal agreement with a citizen to cut the lot the previous day, utilized City-Parish equipment to cut the lot while his crewmembers waited on the road in the City-Parish vehicle. After DPW Superintendent, Keith Roberson received a call reporting Mr. Turner’s non-work activity, Mr. Turner was terminated.
DISCUSSION
A number of recent eases have focused this court’s attention on the issue of subject matter jurisdiction over appeals from decisions of administrative bodies. This court has a duty to examine subject matter jurisdiction on its own motion, even when the issue is not raised by the litigants. City of Baton Rouge v. Bethley, 2009-1840, p. 5 (La.App. 1st Cir.10/29/10) — So.3d-, 2010 WL 4263710.
The Board is a quasi-judicial body. See Plan of Government, City of Baton Rouge, Parish of East Baton Rouge, § 9.04; see also Hood Motor Co. v. Lawrence, 320 So.2d 111, 115 n. 4 (La.1975) (explaining quasi-judicial function as one which involves the use of some discretion, but of a type different from a judicial decision, defining it as a duty lying in the judgment or discretion of an officer other than a judicial officer, and articulating its differences with ministerial function). As such, the Board cannot appeal the judgment of the district court of a petition to review its own determination. See Matter of St. Tammany Parish Bd. of Adjustments, 95-2005, p. 2 (La.App. 1st Cir.5/14/96), 676 So.2d 119, 120 (and cases cited therein). The Louisiana Supreme Court observed:
Obviously, the [Board] has no more right to appeal from the decision of the Civil District Court reversing its own decision than one of the judges of the Civil District Court would have to appeal to this Court from a judgment of the Court of Appeal reversing one of his decisions.
See Matter of St. Tammany Bd. of Adjustments, 95-2005 at pp. 2-3, 676 So.2d at 120 (quoting State ex rel. Bringhurst v. Zoning Bd. of Appeal and Adjustment, 198 La. 758, 4 So.2d 820, 822 (1941)).
*426 As a general rule, a board exercising quasi-judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its | ¿determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal. State ex rel. Bringhurst, 4 So.2d at 822.
The record shows that the suspensive appeal of the district court’s judgment was taken by the Board. Since the Board is not a party and has no legal interest in the district court proceeding, it has no right to appeal the judgment reversing the Board and reinstating DPW’s termination of Mr. Turner.[1] See Matter of St. Tammany Bd. of Adjustments, 95-2005 at p. 3, 676 So.2d at 120. Mindful that Mr. Turner did not appeal the district court’s judgment reinstating DPW’s termination of his employment, we dismiss the appeal. See La. C.C.P. art. 2162.
DECREE
For these reasons, on our own motion, the suspensive appeal taken by the Board is dismissed. Appeal costs in the amount of $2,121.73 are assessed against the Personnel Board for the City of Baton Rouge, Parish of East Baton Rouge.
APPEAL DISMISSED.

. We note that DPW's petition for judicial review was filed by a special assistant parish attorney and not by the head of DPW as specified in Plan of Government for the City of Baton Rouge, Parish of East Baton Rouge § 9.05 (As amended October 20, 2007). See Bethley, 2009-1840 at pp. 6-7, nn. 2 & 4,-So.3d at-, nn. 2 & 4.