655 So.2d 403 (1995)
Lisa BARRECA
v.
The PARISH OF JEFFERSON.
No. 95-CA-14.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 1995.
David C. Loeb, Gretna, for plaintiff-appellee.
David L. Colvin, Gretna, for defendant-appellant.
Before BOWES, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal by the Parish of Jefferson from a judgment overruling a Zoning Appeals Board order which partially granted and partially denied a property owner's request for a zoning variance. Because the evidence does not establish that the actions of the Board were an abuse of its discretion, an unreasonable exercise of the police power, an excessive use of that power, or a denial of due process rights, we vacate the judgment of the trial court and re-instate the order of the Board.
Lisa Barreca, plaintiff-appellee, sought building permits for an addition to her house at 550 Brockenbraugh Court in Metairie. Her stated reason for this enlargement was that her family had grown to five people, and they needed more bedrooms and a family room. The proposed construction did not comply with zoning regulations, so she applied to the Zoning Appeals Board (ZAB) for the four needed variances. These variances were as follows:
1) The required 24 foot rear property line set-back would be reduced to 5 feet;
2) The required 5 foot side yard set-back would be reduced to 4.7 feet;
3) The required 13 foot single story height limit would be increased to 32 feet for a second story; and
4) The 480 square foot maximum building footprint permitted by the building-to-yard ratio would be increased to 760 feet.
An on-site inspection was conducted by the ZAB, and a decision issued granting some relief to the applicant. Specifically, the addition would be allowed, but only on condition that the 24 foot rear set-back be reduced to only 10 feet for the first floor of the addition (which was not to exceed 13 feet in height), and reduced to only 15 feet for the second floor (which could go to 32 feet in height). Apparently, the side yard variance of .3 feet was granted and the building-to-yard ratio was adjusted to accommodate the ultimate square footage of the redesigned structure. Plaintiff was not satisfied with this result and sought relief in the district court. The trial judge ruled in plaintiff's favor and entered a *404 judgment approving all four variances. The Parish now appeals.
Creation of the Zoning Appeals Board at issue here is authorized by La.R.S. 33:4727, and Section C(3)(c) of this statute provides:
(3) The board of adjustment shall have the following powers:
. . . .
(c) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.
The Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, sets forth in detail a number of circumstances which must exist before the above power to grant variances may be exercised by the ZAB, which we summarize as follows:
1. Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner's convenience or profit. Thus, before a variance may be granted, the ZAB must find that all of the factors listed in the first three requirements are present, as well as those factors listed in either the fourth of the fifth paragraph, see, Guenther v. Zoning Appeals Board, Par. of Jefferson, 542 So.2d 612 (La.App. 5th Cir.1989).
The standard of judicial review of zoning matters, including the actions of any appeal board, is set forth in La.R.S. 33:4721, as follows:
[Zoning matters] shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process, provided, further, that the right of review of a zoning ordinance shall not be limited by the foregoing.
These are, therefore, the criteria upon which court review of the actions of the ZAB must be based.
At trial of the matter, the entire record of the ZAB proceeding was placed in evidence, as were photographs and variances granted for similar constructions at five other sites in the parish. Plaintiff testified on her own behalf, and Pete Schneckenburger, the assistant director of code enforcement, appeared for the Parish. It was also stipulated that the surrounding property owners had been properly notified and that none had come forward to object. After reviewing the evidence, the trial court noted that the five properties cited by plaintiff were not in the same neighborhood or subdivision as plaintiff's property, and apparently he found this evidence inapplicable to the case at hand. He further noted, however, that:
The testimony of Mr. Schneckenburger says in this area of Old Metairie that there are numerous places where they have height variances due to people placing second story apartment type facilities over garages.... This type of variance has been allowed in the past. There are other facilities. Whether they were allowed or grandfathered in, I don't know, but they exist in these particular areas. Consequently, I find that the Zoning Appeals Board decision should be reversed and I'm ordering that the variance be allowed.
It is evident from the above reasons for judgment that the trial judge was relying primarily on references by Mr. Schneckenburger to second story apartments being built over pre-existing garages as grounds to *405 overrule the ZAB and permit the plaintiff to build a two story structure. However, in this court's opinion the judge fell into error in not only allowing a two story addition, as indeed had been done by the ZAB, but also in allowing gross deviations in the back-line setback and the building-to-yard ratio. There was simply no evidence of record to support this ruling.
As noted above, pursuant to Section XII 3.B of the CZO, before a variance from zoning restrictions can be granted the ZAB must find that the first three parts of that section are complied with, as well as one of the last two parts. We assume that the first three parts were complied with to the satisfaction of the board, at least as applicable to those portions of the requested variance which it allowed. As to the portions of the request which were denied, the discussion at the ZAB meeting discloses that the refusal to grant the entire application was based on a determination that the scale of the addition was too large for the rear yard, crowded the entire property, and thus had a negative impact on the green space of the neighborhood. It would thus appear that the ZAB determined that part three of the ordinance, relating to light and air, was not met, and thus that the total variance sought was properly denied.
We further note that even were it assumed that part three was met, plaintiff could still not prevail because there was no evidence to show that her entire request met the criteria of either part four or part five of the law. Part four is applicable only when there is some special circumstance in regard to the property itself wherein strict application of the zoning code would render the property substantially useless. No such problem is present here as the existence of plaintiff's present complying house and free-standing garage conclusively show.
Part five requires that the property owner show that she would be denied a right enjoyed by surrounding property owners, and that the variance would thus not constitute a special privilege for her convenience or profit. The evidence in the case did show that there were properties in the area where second-story apartments were built over garages. However, nothing in this evidence showed whether these additions were made at the expense of the side or rear yard setbacks, or affected the building-to-yard ratio of the properties. The ZAB did grant plaintiff a variance which reduced the side and back line setbacks, permitted a second story, and adjusted the building-to-yard ratio. She presented no evidence to show that other property owners in the neighborhood enjoyed any greater variances from the zoning laws. In the absence of such evidence, the trial court erred in implicitly concluding that the ZAB had abused its discretion, exceeded or abused the police power, or acted in derogation of plaintiff's due process rights.
For the above reasons, we hereby set aside the judgment of the trial court, and re-instate the order of the Zoning Appeals Board partially granting and partially denying plaintiff's request for variances of the zoning ordinances.
JUDGMENT VACATED, ZONING APPEAL BOARD ORDER REINSTATED.