hCANNELLA, Judge.
Plaintiff, Alfred Pierce, Jr., appeals from a judgment of the district court which affirms the Jefferson Parish Zoning Appeals Board’s (the Board) denial of his variance request. We affirm.
In October 1991, appellant hired a contractor to build a carport over an existing driveway in the front of his home. The carport, consisting of a roof and six legs, is located five feet from the front and six inches from the side property lines. The contractor incorrectly informed appellant that a building permit was not required because the carport was not attached to the house. In addition, unknown to appellant, the carport was also in violation of set-back ordinances which required it to be twenty feet from the front and three feet from the side property lines. As a result, appellant was issued three citations from the Jefferson Parish, Department of Inspections on November 6, 1991. On November 21,1991, appellant filed a request for a variance with the Board. Public hearings were held and the Board heard the matter on December 30, 1991, January 13, 131992 and January 27,1992. At the hearings, appellant testified. The Board adjourned without action on the first two dates in order to obtain the contractor’s testimony and to conduct an inspection of the area. On January 27,1992, the Board arrived at a decision without the testimony of the contractor, who failed to attend the hearings. At that time, the Board voted to deny the variance. In its written decision, the Board said that it did not want to set a precedent of allowing a structure to be located five feet from the front property fine.
On February 25, 1992, appellant appealed the decision to the district court. Oral argument was presented on March 27, 1995 and on April 4, 1995, the trial judge affirmed the ruling of the Board and appellant appealed that decision to this court.
The power to impose zoning restrictions is granted by La.R.S. 33:1236 and 33:4721. Under La.R.S. 33:4727 the local governing body is given the power to appoint a board of adjustment, which can hear appeals by any person, officer, department, board, or bureau of a municipality. The decisions of the board are appealable to the district court. The Jefferson Parish Zoning Appeals Board was created pursuant to La.R.S. 33:4727.
R.S. 33:4727 C(3)(c) provides that:
(C) The board of adjustment shall have the following powers:
© In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, to vary or modify the application of any of the regulations or provisions of the ordinance relating to the use, construction, or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be *1155 observed, public safety and welfare secured, and substantial justice done.
Under the Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, the Board has the power to grant variances in certain circumstances, summarized as follows:[1]
Isl- Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner’s convenience or profit.
Barreca, v. Parish of Jefferson, 95-14 (La. App. 5 Cir. 4/25/95), 655 So.2d 403, 404; Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d 612, 614 (La.App. 5th Cir.1989).
Thus, before a variance may be granted, the Board must find that all of the first three requirements are present, plus one of the *1156 factors listed in the fourth or fifth paragraph. Barreca v. Parish of Jefferson, 655 So.2d at 404; Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d at 614.
In this case, appellant claims that the variance would not negatively affect the lesurrounding property and would positively affect neighborhood prosperity and welfare. He argues that the carport is attractive and is an improvement over the appearance of the previously existing driveway. He asserts that it will not impair light and air, increase traffic or parking problems, overburden fire protection or sewerage and water services, or produce other nuisances. He asserts that other neighbors enjoy the right of having a carport. He also contends that circumstances special to the property exist creating a demonstrable hardship because the carport cannot be located elsewhere on his property and he will incur costly expenses to remove the structure. However, he also testified at the first hearing that the neighboring carports do not extend as far as his. In addition, the evidence shows that appellant enclosed his original carport. Also, he cannot build the carport elsewhere because he built other structures in other areas that would have been available in the absence of those structures.
Judicial review of zoning matters, including the actions of the Board, is provided for in La.R.S. 33:4721:
[Zoning matters] shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process, provided, further, that the right of review of a zoning ordinance shall not be limited by the foregoing.
See also: Barreca v. Parish of Jefferson, 655 So.2d at 404; Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d at 614.
The Board determined that the variance should not be granted because it would set a precedent for allowing structures to be built within five feet of the property line. This is not an abuse of discretion, unreasonable exercise of the police powers, excessive use of the power or the denial of due process. Appellant did not prove that his needs would satisfy the criteria for a variance. Regardless of the first three factors, the evidence shows that the reason he could not build the carport elsewhere on the property was due to his own actions of building other structures. Thus, there is no “circumstance special to the property”. In addition, he failed to show that other carports in the neighborhood are in ^violation of the set-back ordinances. Thus, if the variance had been granted, appellant would be securing a special privilege and the variance would have been issued merely for his convenience. As a result, we find that the trial court did not err in affirming the decision of the Board which denied the variance to appellant.
Accordingly, the decision of the Board and the judgment of the trial court are hereby affirmed.
Costs of this appeal are to be paid by appellant.

AFFIRMED.

.Section XXII 3.B provides:
B. Standards:
The purpose of the "variance” provisions of this section generally permit an applicant to apply for relief from the requirements of the letter of the ordinance when unnecessary hardship or practical difficulty exists, or when there is an exceptional or unusual physical condition of a lot, which condition is not generally prevalent in the neighborhood and which condition would prevent a reasonable or sensible arrangement of building on the lot.
The purpose of the “exception” provisions of this section generally permit the applicant to apply for use of land for purposes which may be essentially desirable, necessary or convenient to the community, its citizenry or a substantial segment thereof but which require special consideration of location and site plan because of an inherent tendency to create traffic congestion, noise, density of persons assembling, or which may cause an excessive strain on water resources or sewerage disposal facilities, or drainage, or which may cause a depreciation or diminution of value of the immediate surrounding property, or may otherwise adversely affect safety or welfare of the immediate surrounding area.
In the consideration of all appeals and all proposed variances and/or exceptions, under the terms of this ordinance, the board shall not grant approval unless it makes a finding, based upon the evidence presented to it, that each case shall indicate all of the following:
1. The approval, if granted, will not cause any diminution or depreciation of property value of any surrounding property or will not alter the essential character of the locality.
2. The approval, if granted, will tend to preserve and advance the prosperity and general welfare of the neighborhood and community.
3. The approval, if granted, will not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located, in that it will not: impair an adequate supply of light and air; or increase substantially the congestions in the public streets, create a traffic hazard, or permit inadequate parking or increase the danger of fire; or substantially affect or overburden existing drainage or sewerage systems; or otherwise endanger the public safety; or cause serious annoyance or injury to occupants of adjoining premises by reason of emission of odors, fumes, gases, dust, smoke, noise or vibration, light or glare, or other nuisances.
Additionally, the board shall not grant approval of any variance unless it makes a further finding that each case shall indicate the following:
4. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district; and the special conditions and circumstances do not result form the intentional actions of the applicant or any other person who may have or had interest in the property; and the strict adherence to the regulation for the property would result in a demonstrable hardship upon the owner as distinguished from mere inconvenience; or
5. Literal interpretation of the provisions of this ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this ordinance; and granting the variance requested will generally not confer on the applicant any special privilege which is denied by this ordinance to other lands, structures, or buildings in the same district or similarly situated; and the purpose of the variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party.