THOMAS F. DALEY, Judge.
This case concerns a variance granted by the Jefferson Parish Zoning Appeals Board. Appellants[1] are homeowners and neighbors of appellees, Mr. and Mrs. Donald W. Wood, Sr., to whom the Jefferson Parish Zoning Appeals Board granted a variance regarding the construction of the roof of their home at 213 Sena Drive in Metairie. Following this action, the appellants appealed to the 24th Judicial District Court as per LSA-33:4727(E), who found that the Jefferson Parish Zoning Appeals Board committed no abuse of discretion in granting the Woods the variance. Appeal to this court followed. On appeal, appellants assign the following errors:
1. The trial court, acting in an appellate capacity, erred by assuming “facts” which were never part of the record;
2. The trial court erred by making its own findings of fact that differed from the explicit findings of the Jefferson Parish Zoning Appeals Board;
i. The Board granted the Woods a variance without making a finding that the approval would not cause any diminution of property value of any |4surrounding property or would not alter the essential character of the locality;
ii. The Woods were granted a variance without a finding by the Board that the variance would tend to preserve and advance the prosperity and general welfare of the neighborhood and community;
iii. The Board made no finding that the approval of the variance, if granted, would not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the Woods’ property is located, and that it would not impair an adequate supply of light and air or cause other nuisances.
3. The trial court erred in its interpretation of the crucial term “special conditions and circumstances” found in sub-part 4 of C.Z.O. section XXII 3B.
*1096 4. The district court erred when it allowed the Zoning Board to unconstitutionally refuse to enforce the relevant zoning ordinance.
Mr. and Mrs. Donald W. Wood, Sr. submitted plans to the Jefferson Parish Department of Inspection and Code Enforcement for the residence they intended to build at 213 Sena Drive. According to the appellants, the plans called for a hip-type roof forty-five feet (45) in height, which were approved and a building permit issued. During the construction at some point, the roof was reframed with a different shape and pitch, though not with a different height than what was previously approved, without the submission of the new design to the Department of Inspection and Code Enforcement. Appellants allege that the new roof design was a more imposing “mansard” style roof and was thus in violation of the C.Z.O., which provides that mansard type roofs are limited to maximum height of thirtyfive (35) feet.
After receiving numerous complaints from adjacent property owners, the Department of Inspection and Code Enforcement visited the site and on October 29, 2002, issued a citation for height violation. The Woods appealed the citation to the Jefferson Parish Zoning Appeals Board. At a hearing on December 16, 2002, |Bthe Woods presented drawings of the modified plan. Appellants alleged that these drawings, which were of a front view only, did not accurately reflect the actual changes in the roofs shape and slope. The Woods also presented signatures of “no opposition” from several neighbors, which the appellants alleged were based upon the inaccurate elevation drawing noted above, though those neighbors who allegedly felt misled did not appear at the hearing. Counsel for the Woods argued that the Code ordinances were ambiguous regarding the differences between a hip roof and a mansard roof, a position that was countered by appellants’ representative, who argued that no qualified expert could disagree that the new roof was of the mansard type, though the opposition presented no qualified expert.
The Jefferson Parish Zoning Appeals Board granted the variance, noting that it found the Code was ambiguous regarding the definition of the different roof types. The Board noted that the overall height of the roof would be the same as indicated on the original construction plans that were approved for a building permit, and that construction was three-quarters complete. The Board’s judgment was signed and filed on December 19, 2002. The Board issued a clarification in its Reasons for Judgment, which was signed and filed on January 6, 2003. This clarification did not alter the substance of the judgment granting the variance, but added information regarding the exact measurement of the roof height.
Appellants then filed suit for appellate review with the district court on January 21, 2003. Requests for additional discovery were denied. Hearing was held on October 3, 2003, and following arguments of counsel for the Association, appellee, and Zoning Board, the trial court ruled in favor of the Jefferson Parish Zoning Appeals Board, upholding the variance granted to the Woods, in oral reasons issued from the bench. Judgment was signed on October 7, 2003. This appeal followed.
| fiThe parties all agree that Comprehensive Zoning Ordinance (hereinafter referred to as C.Z.O.) Section XXII 3B is the applicable ordinance. It states the following:
In the consideration of all appeals and all proposed variances and/or exceptions, under the terms of this ordinance, the Board shall not grant approval unless it makes a finding, based upon the evi *1097 dence presented to it, that each case shall indicate all of the following:
a. The approval, if granted, will not cause any diminution or depreciation of property values of any surrounding property or will not alter the essential character of the locality-
b. The approval, if granted, will tend to preserve and advance the prosperity and general welfare of the neighborhood and community.
c. The approval, if granted, will not be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located, in that it will not: impair an adequate supply of light and air; or increase substantially the congestions in the public streets, create a traffic hazard, or permit inadequate parking; or increase the danger of fire; or substantially affect or overburden existing drainage or sewerage systems; or otherwise endanger the public safety; or cause serious annoyance or injury to occupants or adjoining premises by reason of emission of odors, fumes, gases, dust, smoke, noise or vibration, light or glare, or other nuisances.
Additionally, the Board shall not grant approval of any variance unless it makes a further finding that each case shall indicate the following:
d. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district; and the special conditions and circumstances do not result from the intentional actions of the applicant
or any other person who may have or had interest in the property; and the strict adherence to the regulation for the property would result in a demonstrable hardship upon the owner as distinguished from mere inconvenience; or
|7e. Literal interpretation of the provisions of this ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this ordinance; and granting the variance requested will generally not confer on the applicant any special privilege which is denied by this ordinance to other lands, structures, or buildings in the same district or similarly situated; and the purpose of the variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party.
(Ord. No. 20783, § S(XXII(3)), 9-22-99; .Ord. No. 21734, § 22,12-11-02).[2]
The Appellants argue first that the district court based its judgment that the Woods would suffer a “demonstrable hardship” (as per Section d. of C.Z.O. Section XXII(3) as reprinted below) if they must tear down their roof on facts not contained in the record of the proceeding before the Jefferson Parish Zoning Appeals Board. Specifically, the district court found, at the hearing held on October 3, 2003, that the Woods would suffer a demonstrable hardship if forced to tear down their roof because they had a school age child and would have to rent another property in which to live while the roof was redesigned and reconstructed. Appellants argue that the Jefferson Parish Zoning Appeals Board’s record is devoid of any evidence regarding the Woods’ child or their alleged *1098 need to move out and rent a property-while the roof was reconstructed.[3]
Appellants argue that the district court, sitting as an appellate court of review over the Jefferson Parish Zoning Appeals Board, was bound, as any appellate court, to rely solely on the record before it. Since the district court denied further discovery in this matter, appellants argue that the court’s conclusion of demonstrable hardship, based upon facts not in the record, constitutes manifest error and the court’s judgment affirming the variance must be reversed, or in the alternative, the judgment vacated and matter remanded for an evidentiary hearing. [sThe appellants argue that considering facts in the record, the most the Woods have shown is an economic hardship (the expense of tearing down the roof), which does not qualify as a demonstrable hardship under the C.Z.O., but merely an inconvenience.
Our thorough review of the record shows that no evidence was introduced or argued before the Board or the District Court regarding the Woods’ child or the alleged necessity to rent another residence while the roof was constructed. The trial court, however, based its finding that the Board considered the factors in paragraph d of the ordinance with additional reasons:
With regard to requirement Four, the Board’s expert, Mr. Williams, went to great length to explain that the overall height of the roof had not changed; that there are various definitions of Mansard roofs. That is was very questionable to him whether or not this was a Mansard versus a Hip roof. And that if they found it to be a Hip roof, then there wouldn’t have been a variance required. As mentioned in argument, the Secretary of the Board mentioned that at the very close of the meeting.
Also that the Woods did not intentionally, the Board found that the Woods did not — when they were in their discussion — that the Woods did not intentionally seek to trick the Parish or the neighbors. That the Woods thought that since it was similar in design and of the same height, the roof continued to comply with the plans as approved.
As to demonstrable hardship. The Board’s pamphlet does note as through the cases that economic reasons alone do not constitute a hardship. In this case though the homeowners would have been required to rip off a roof, rent another property, live in another property with their small child who is still of grammar school age, while a new roof was designed and constructed. That is demonstrable hardship upon the owner rather than mere inconvenience.
We find that the trial court’s ruling was adequately based upon evidence contained in the record of the proceeding before the Jefferson Parish Zoning Appeals Board, notwithstanding its inclusion of facts not of record.
The Appellants argue that under Jefferson Parish C.Z.O. Section XXII 3B, the Board must make certain mandatory findings of fact before granting a variance, and that 1) the Board failed to make the requisite findings, but instead made | afindings other than what the C.Z.O. requires, and 2) if it had made the requisite findings, granting the variance would have constituted an abuse of discretion.
Appellants argue that the Board failed to make these requisite findings. Our review of the hearing before the Board shows that while they granted a variance, this variance rested primarily on the interpretation of the C.Z.O. and the Board’s *1099 feeling that the definition of mansard roof in the C.Z.O. was too vague to enforce in this case. The Board also considered that the approved plans showed a roof height of 45 feet that remained the same after the roofs structural change.
The transcript of the hearing shows that several neighbors came forward and voiced their opposition to the new roof shape. Their objections were that the roof caused the house to look like a hotel, that the house was too large for the lot, and that the character of the neighborhood was being destroyed by the erection of these large imposing homes that towered over other older, smaller homes. One neighbor expressed her concern that her backyard was visible from the Woods’ third story windows and thus her backyard’s privacy was compromised. None of the neighbors opposed the roof variance on any of the factors in paragraph C above.
LSA-R.S. 33:4727(E) contains no affirmative requirement that the Board’s ruling use “magic words” that track the statute or must specifically mention each factor in its ruling. The hearing transcript shows that the Board did hear testimony about the factors in paragraphs a and b, and considered the testimony of witnesses, the arguments of counsel, and photos of other homes on the same blocks as the Woods’ home, before concluding that the variance would not cause the diminution of property values in the neighborhood nor be out of character with other homes on the street. As far as paragraph c, the record shows that the roof height variance did not concern any factor listed in that paragraph, and the opposition to the variance was not made upon any of those factors. Therefore, we decline to find that the Board abused its discretion when it did not specifically mention the factors in | inparagraph a, b, or c in its ruling. Additionally, we find that the trial court was not manifestly erroneous when it found it “abundantly clear” that the Board considered factors a, b, and c when it used the “catch-all” phrase “all factors in affecting the neighborhood,” all of which are subsumed in paragraphs a, b, and c.[4] We respectfully disagree with the appellants’ contention that there is nothing in the record that, indicates the Board considered these factors.
In support of their position, regarding' the factors in paragraph d, that economic reasons do not constitute demonstrable hardship, the appellants cited two cases in oral argument: Pierce v. Parish of Jefferson, 95-719 (La.App. 5 Cir. 1/17/96), 668 So.2d 1153, and Parish of Jefferson v. Davis, 97-1200 (La.App. 5 Cir. 6/30/98), 716 So.2d 428. These cases can be distinguished, however. In Pierce, the Jefferson Parish Zoning Appeals Board denied a variance to construct a carport within the mandatory front and side property line setbacks, finding that it would set an undesirable precedent in the neighborhood, and that appellant did not prove that his needs would satisfy the criteria'for a variance. His “inability” to ¿uild the carport elsewhere was due to his construction of other structures on his lot. Additionally, he failed to show that other carports in the neighborhood were in similar violation of the set-back ordinances. The Jefferson Parish Zoning Appeals Board’s denial was affirmed by both the district court and this Court, which found that the ruling of the Jefferson Parish Zoning Appeals Board was not an abuse of discretion. In this case, the Woods’ variance was granted by the Jefferson Parish Zoning Appeals Board and affirmed by the district court *1100 upon a finding, among others, that the roof as built did conform to other structures built in the neighborhood.
Likewise, in Davis, the sole issue presented was whether the homeowner was in bad faith in obtaining a permit to build an additional floor to an accessory In building (garage). Davis applied for and received a variance to construct a structure with a certain height. Inspection revealed that Davis’s structure exceeded the approved height, at which time a stop work order was issued and Davis ordered to bring his building in compliance with his approved plans. Davis requested another variance to have the height increase approved, which was denied. The district court and court of appeal affirmed. In this case, the Woods’ plans were approved for the same height as actually built, and both the Jefferson Parish Zoning Appeals Board and the district court specifically found that the Woods were in good faith despite not having the new roof design re-approved.
The district court, in finding that the Woods bore their burden of proof regarding paragraph d or e, noted that the Jefferson Parish Zoning Appeals Board found that the C.Z.O.’s definition of “mansard” roof was vague and thus unenforceable. The evidence shows that the word “mansard” is used only once in the C.Z.O.[5] and reads as follows:
Building, height of shall mean the vertical distance measured from the average elevation of the grade at the front of the building to the highest point of the coping of a flat roof, to the mean height level between eaves and ridge for gable, hip and gambrel roofs, and to the deck line of a mansard roof.
A page with line drawings of the various roof types was introduced at the Jefferson Parish Zoning Appeals Board hearing and was purported to be published by the Department of Inspection and Code Enforcement, and which is attached to this opinion. Mr. David Williams, an employee of the Parish Department of Inspection and Code Enforcement, testified that he found the C.Z.O.’s definition and his department’s measuring requirements to be problematic and poorly defined. He stated that the Department was currently working to better define the roof types to make them easier to measure in the future. One aspect of the | ^ambiguity was that the different roofs’ heights were measured from different points, depending on the type of roof, and those different points were also not well defined.
Appellants contend that the Jefferson Parish Zoning Appeals Board refused to tackle the findings that were necessary for the variance, and was more concerned with the cost of litigating the issue against the Woods. We disagree with this position. As noted above, we find that the Board properly considered all the criteria necessary for a variance and such considerations are clearly expressed in the hearing transcript. Further, the Department of Inspection’s own Mr. Williams expressed that that very Department had trouble with the application of the roof-type definitions and measuring requirements. The Jefferson Parish Zoning Appeals Board clearly considered the difficulties as expressed by the very department in charge of enforcing the ordinance’s roof requirements when applied to the specific facts of the Woods’ case and style of roof. Mr. Williams could not categorize the Woods’ roof as definitely mansard or hip or flat, finding that it had characteristics of several types. This may not be exactly an *1101 “exceptional or unusual condition” of the Woods’ lot, as per paragraph d, but we find that this factor is a valid reason for the Jefferson Parish Zoning Appeals Board’s ruling.
Appellants argue that the Jefferson Parish Zoning Appeals Board is not empowered to find that an ordinance is too vague to enforce, and that their refusal to enforce this particular ordinance in this case is an unconstitutional action, citing Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982). Our review of the record, and our analysis above, indicates that the Board did not refuse to enforce this ordinance. It considered all the factors as required by C.Z.O. XXII (3B) and specifically granted the Woods a variance based upon the particular facts of this case, not the least of which was evaluating the specific design of the Woods’ roof against the definitions in the C.Z.O.
1 ^Accordingly, we affirm the judgment of the trial court that affirmed the ruling of the Jefferson Parish Zoning Appeals Board. Appellant is accessed cost of appeal.

AFFIRMED.

. Appellants are several neighbors of the Woods, and also the South Sena Drive Civic Association.

. Text from livepublish.municode.com.

. Appellants note that it was their impression that the Woods did not yet live in the home and thus rental of another house was not an issue.

. The printed version of the C.Z.O. the trial court referred to numbered paragraphs one, two, three, etc. The version of the C.Z.O. used in this opinion uses, a, b, and c, etc., though the text is not substantially different in meaning.

. Code Of Ordinances Parish of Jefferson, Louisiana Codified through Ord. No. 22159, enacted March 31, 2004. (Supplement No. 60, Update 2), Chapter 40 ZONING, ARTICLE I. IN GENERAL, Sec. 40-3. Definitions.