| .WALTER J. ROTHSCHILD, Judge.
The Parish of Jefferson appeals a judgment of the trial court affirming the decision of the Zoning Appeals Board (“ZAB”), which granted Calvin Love’s request for a zoning variance. For the reasons which follow, we affirm.
On June 9, 2003, Calvin Love, through his representative, Alvin Pierre, filed a notice of appeal to the ZAB, seeking a variance “to construct a carport in the required front yard set back creating insufficient front yard” at his residence located at 120 Morgan Court in Avondale, Louisiana. Mr. Love sought approval to build the carport leaving a front yard depth of approximately five (5) feet, which is a violation of Article VI, Section 40-94(a)(1) of the Jefferson Parish Comprehensive Zoning Ordinance, which requires a front yard to have a depth of not less *92 than twenty (20) feet. In his application to the ZAB, Mr. Love states that he should be permitted to install a carport in the front of his house, because he has a “property hardship,” in that his lot is odd-shaped and set deep inside a corner.
The matter came for hearing before the ZAB on July 28, 2003, at which time Mr. Love was granted a variance to build the carport in front of his house, with the stipulation that the carport can never be enclosed at any time in the future. In its reasons for judgment, the ZAB stated:
Since this is such an irregularly-shaped cul-de-sac lot in which the carport sits further back on one side of the lot than it does on the other side of the lot, Board | ^Members considered this a hardship case. And, with stipulations held, Board Members agreed it will conform to the area. Please note: There was no opposition.” (Emphasis added.)
On August 25, 2003, Louis Savoye in his capacity as Director of the Jefferson Parish Department of Inspection and Code Enforcement (hereinafter “Jefferson Parish”) filed a Petition and Order for Appeal in the 24th Judicial District Court arguing that the ZAB “exceeded its authority and acted ultra vires in finding a hardship and granting said variance.” The matter came for hearing before the district court on September 29, 2003. At this hearing, the district court upheld the ZAB’s decision to grant a variance to Mr. Love, noting that Mr. Love relied on the ZAB’s decision and already built the carport in accordance with the variance.
It is from this judgment of the district court that Jefferson Parish appeals.

DISCUSSION

The power to impose zoning restrictions is granted by LSA-R.S. 33:1236 and 33:4721. Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d 612, 613 (La.App. 5 Cir. 4/12/89), writ denied, 544 So.2d 407 (La.6/2/89). LSA-R.S. 33:4727 empowers the local governing body to appoint a board of adjustment, which can hear appeals by any person, officer, department, board, or bureau of a municipality. Id. The decisions of the board are appealable to the district court.
Under the Jefferson Parish Comprehensive Zoning Ordinance (“CZO”), Section XXII 3.B, the ZAB has the power to grant variances in yard requirements if the following circumstances, set forth herein in summary form, are met:
1) Surrounding property values will not be negatively affected; and
2) The variances will positively affect neighborhood prosperity and welfare; and
3) The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water ^services, or produce other nuisances such as odors, dust, fumes, noise or glare; and either
4) Circumstances special to the property create a demonstrable hardship for the property owner; or
5) The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not granted, but would not thereby simply be granted special privileges, nor would the variance be merely for the owner’s convenience or profit. (Emphasis added.)
Cerminaro v. Jefferson Parish Zoning Appeals Board, 02-1041 (La.App. 5 Cir. 2/11/03), 838 So.2d 193, 196; Guarisco v. Jefferson Parish Zoning Appeals Board, 04-148 (La.App. 5 Cir. 6/29/04), 877 So.2d 1094, 1097. Prescott v. Parish of Jefferson, 96-1058 (La.App. 5 Cir. 4/9/97), 694 So.2d 468, 471. In order to grant an appli *93 cation for a variance, the ZAB must find all of the first three requirements and either the fourth or fifth requirement. Cerminaro v. Jefferson Parish Zoning Appeals Board, supra.
In the instant case, Jefferson Parish argues that the ZAB improperly granted a zoning variance to Mr. Love, because the necessary requirements were not satisfied. Jefferson Parish further contends that Mr. Love’s desire to construct a carport is for convenience purposes only, and it asserts that the ZAB’s reasons for judgment do not specify why the ZAB found this to be a hardship case. Further, Jefferson Parish asserts that: 1) allowing structures within five (5) feet of the property line does not advance the prosperity and general welfare of a neighborhood, and in fact, such structures are detrimental to public welfare because they reduce the supply of air and light and create hazards, such as the spreading of fires; 2) there are no special circumstances surrounding the lot at issue, and a forty (40) foot front is not a hardship; and 3) denying the variance would not deprive Mr. Love of rights commonly enjoyed by other properties in Jefferson Parish.
|sThere is a prima facie presumption of validity that attaches to the acts of a duly constituted administrative board, such as the ZAB. Prescott v. Parish of Jefferson, supra at 470. The standard of judicial review applied to actions of the board in zoning matters is “abuse of discretion, unreasonable exercise of the police powers, an excessive use of the power herein granted, or the denial of the right of due process.” LSA-R.S. 33:4721; Barreca v. Parish of Jefferson, 95-14 (La.App. 5 Cir. 4/25/95), 655 So.2d 403, 404. A person who opposes a zoning board’s decision bears the burden of proving that the decision was arbitrary, capricious, an abuse of discretion, or palpably unreasonable. Ostarly v. Zoning Appeals Board, Parish of Jefferson, 02-55 (La.App. 5 Cir. 10/29/02), 830 So.2d 542, 545, writ denied, 02-3112 (La.2/21/03), 837 So.2d 632; Parish of Jefferson v. Davis, 97-1200, 97-1201 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 433, writ denied, 98-2634 (La.12/11/98), 730 So.2d 460.
In the present case, the record contains a copy of Mr. Love’s notice and application for appeal requesting that the ZAB grant him a variance to construct a carport within five (5) feet of the property line. The record also contains a copy of the ZAB’s judgment, granting the variance, and the judgment notes that there was no opposition to Mr. Love’s request for a variance. However, there is no transcript of the proceedings before the ZAB in the record. Although Jefferson Parish alleges that Mr. Love did not demonstrate to the ZAB that he was entitled to a variance under the terms of the CZO, the record does not establish this fact or show that the ZAB did not consider the requirements necessary to obtain a variance. Further, the transcript of the hearing on Jefferson Parish’s appeal to the district court does not contain any testimony or evidence to demonstrate whether Mr. Love’s request for a variance met the requirements of the CZO.
It is Jefferson Parish’s burden to prove that the actions of the ZAB were arbitrary, capricious, or an abuse of discretion. Considering the record before us, | fiwe find that Jefferson Parish has failed to satisfy this burden. Accordingly, we affirm the judgment of the district court, upholding the decision of the ZAB.

DECREE

For the reasons set forth above, we affirm the judgment of the district court, which upheld the decision of the ZAB to *94 grant a zoning variance to the property owner, Calvin Love.

AFFIRMED.