WINDHORST, J.
11 Plaintiff, Metairie Club Gardens Association, Inc. (“MCGA”), appeals from Jefferson through the Board of Zoning Adjustments (“the Board”), which granted a variance in favor of defendant Raymond Brandt. For the reasons that follow, we affirm the judgment of the trial court.
FACTS and PROCEDURAL HISTORY
Raymond Brandt owns property in the Old Metairie Neighborhood Conservation District (“OMNCD”). In May of 2015, Raymond Brandt applied to the Board for a zoning variance to be allowed to construct a fence in the front yard, with a five foot setback, at a residence that he was building at 1000 Falcon Road, next to his residence at 1004 Falcon Road.[1] Brandt’s variance application was opposed by the MCGA. A public hearing was held and the Board approved Mr. Brandt’s request for a variance. The Board found that a precedent had been set in that there were at least two houses in the neighborhood that had been granted a variance, and that to deny Mr. Brandt his variance would result in his being “deprived of rights and privileges granted to others.”
The MCGA filed a petition for review of the Board’s decision in the 24th Judicial District Court, alleging that the Board was arbitrary and capricious in granting the requested variance. Pursuant to the granting of an exception of nonjoinder of a party needed for just adjudication, the MCGA amended its petition to name Raymond Brandt as a defendant in this matter. After a hearing, the trial court affirmed the Board’s decision to grant the variance.
This appeal followed. In this appeal, The MCGA argues that the trial court committed legal error in failing to enforce the requirements of the Comprehensive Zoning Ordinances (CZO). The MCGA contends that the 500 foot precedential ^requirement in the CZO applies to Mr. Brant’s lot. The MCGA argues that the standard of review set forth in the CZO was not properly followed by the Board and that the Board abused its discretion in granting the variance. The MCGA also argues that the district court committed legal error by refusing to allow appellants to supplement the record while simulta *1074 neously allowing appellee to submit an additional affidavit into the record.
STANDARD OF REVIEW
A prima facie presumption of validity attaches to zoning board actions. Parish of Jefferson v. Davis, 97-1200, 97-1201 (La.App. 5 Cir. 6/30/98), 716 So.2d 428, 433, writ denied, 98-2634 (La. 12/11/98), 730 So.2d 460. A reviewing court cannot substitute its own judgment or interfere with the zoning board’s decision absent a showing that the board was arbitrary and capricious or abused its discretion. Id.; Freeman v. Kenner Board of Zoning Adjustments, 09-1060 (La.App. 5 Cir. 4/27/10), 40 So.3d 207, 212, The person who opposes a zoning board’s decisioh bears the burden of proving that the decision was arbitrary, capricious, an abuse of discretion, or palpably unreasonable. In re; Pierre, 04-636 (La.App. 5 Cir. 12/14/04), 892 So.2d 91, 92; Ostarly v. Zoning Appeals Board, Parish of Jefferson, 02-65 (La.App. 6 Cir. 10/29/02), 830 So.2d 542, 545, writ denied, 02-3112 (La. 2/21/03), 837 So.2d 632.
Applicability of Procedural Requirements
Appellants first argue that the trial court erred in granting a variance for the fence because the variance fails to recognize “the clear standards prohibiting the variance” located in the Jefferson Parish Zoning ordinances, The Code of Zoniiig Ordinances relative to OMNCD contains the following provision:
Section 40-172(1)(a)(1) Setbacks ánd streetscape. The Old Metairie Neighborhood Conservation district shall preserve the open character of the area or streetscape, established by the generally uniform setback of structures from the street and from other structures on both sides of the street within a linear distance of five hundred (500) feet.
| ¡¡Section 40-172(1)(a)(3)(B)(ii)(A) the proportion of the structure after alteration or construction shall be compatible with surrounding structures and development sites located on the same side of the street and the petitioned property within a linear distance of three hundred (300) feet from both sides of the petitioned property as measured along the street frontage from the nearest side property line.
Section 40-172(1)(a)(5)(ii)(A)(I) fences shall be permitted in the front yard of structures within the Old Metairie Neighborhood Conservation District after review and recommendation of the Old Metairie Commission and the granting of the variance by the board of zoning adjustments, provided an open design in a durable material is used.
Section 40-792 of the Jefferson Parish Code, Zoning Ordinances, allows the Board to grant variances from the provisions governing the OMNCD in certain instances, including:
3a. Permit a variance in yard requirements, height restrictions of structures, or lot-area-per-family requirements of any district; if the variance is for a lot overlaid with OMNCD,[2] the OMC shall have reviewed the specific variance requested and made a recommendation to the BZA in accordance with section 40-170(2)(d).
*1075 While the Zoning regulations specific to the OMNCD regulate the more general “structures”, the Zoning Ordinances contain more specific regulations regarding variances for erecting fences in a front yard:
Section 40—743.5(b)(4) in granting or denying the request for a fence in the required front yard, the BZA may consider how the proposed fence conforms to the characteristics of existing fences in the immediate area and, except to maintain conformity with existing fences, a minimum setback of three (3) feet from the front lot line shall be provided. The immediate area is defined as consisting of one (1) street block on the same side of the street and not more than three hundred (300) feet from the subject property.
The Zoning Ordinances also provide that:
Section 40-743.5(a)(1) in the event that the regulations in this section are in conflict with the regulations of the applicable zoning district, the more restrictive regulations, including 40-665, clear vision area, shall apply. Where elements in this section are not addressed in the | ¿regulations of an applicable zoning district, the regulations in this section shall apply.
Reading these ordinances as a whole, Mr. Brandt applied for a variance to set a fence in his front yard. The variance was reviewed and a recommendation was made by the Commission, and thereafter the variance was granted by the Board. The proposed fence meets the specification of the applicable zoning ordinances in that it is of an open design and made of durable material. Further, because the zoning ordinances particular to the District do not specifically mention fences, the regulations specific to fences do apply. The variance requested provides a setback of five feet, more than, the minimum three foot requirement set forth in the regulations. Accordingly, we find that the trial court’s action in affirming granting of the variance was not in disregard of the restrictions set forth in the Zoning Ordinances regulating property in the OMNCD.
Actions of the Board
The MCGA next argues that the Board did not follow the applicable standard of review and further that its ruling was arbitrary and capricious.
In Cronley v. Bd. of Zoning Adjustments of/& the Parish of Jefferson, 13-789 (La.App. 5 Cir. 5/14/14), 142 So.3d 64, 67-68,[3] citing Pierce v. Parish of Jefferson, 95-719 (La.App. 5 Cir. 1/17/96), 668 So.2d 1153, 1155, and Guenther v. Zoning Appeals Board, Parish of Jefferson, 542 So.2d 612, 614 (La. App. 5 Cir. 1989), writ denied, 544 So.2d 407 (La. 1989), this court explained the factors to be considered by the Board in granting a variance:
The Jefferson Parish Comprehensive Zoning Ordinance (CZO), Section XXII 3.B, sets forth the circumstances which must exist before the zoning board may grant a variance, which can be summarized as follows:
1. Surrounding property values will not be negatively affected; and
2. The variance will positively affect neighborhood prosperity and welfare; and
| ,-,3. The variance will not impair light and air, increase traffic congestion or parking problems, overburden fire protection or sewerage and water services, *1076 or produce other nuisances such as odors, dust, fumes, noise or glare; and either:
4. Circumstances special to the property create a demonstrable hardship for the property owner; or
5. The property owner would be deprived of rights enjoyed by neighboring property owners were the variance not be granted, but would not thereby simply be granted special privileges, nor would.the variance be merely for the owner’s convenience or profit.
Thus, before a variance may be granted, the Zoning Board must find that all of the first three requirements are present, plus one of the factors in the fourth or fifth paragraphs. It is the burden of the person seeking the variance to establish that the appropriate requirements are met. (Citations omitted)
Considering the first three factors, plaintiff introduced evidence to show that his request for a variance was not opposed by the Environmental Department, the Parish Attorney of the Inspection Code and Enforcement Department, or the Public Works Department. The plaintiff further introduced the Board’s rulings that approved two other fences in the neighborhood. In a letter to the Board, one property values; however the property owner offered no evidentiary support and explanation for this conclusion.
Next, the Board found that denying the variance would deprive the landowner of rights enjoyed by neighboring property owners, and thus their grant of the variance did not simply grant the landowner special privileges, nor was the variance merely for the owner’s convenience and profit. Again the Board noted that there were at least two other properties with fences in close proximity to plaintiffs residence. Accordingly, we find that the trial court did not err in concluding that the Board employed the appropriate standard.
Finally, the MCGA argues that the Board was arbitrary and capricious in its ruling granting the variance. The minutes of the hearing reflect that the Board heard from plaintiffs neighbor, the District representative, the security. The Board also considered several letters from surrounding neighbors opposing the fence. |fiThe board also considered the actual structure of the fence, what it would be made of, how tall it would be, and the like. After full consideration, the Board voted unanimously to approve the fence.
Having complied with the requirements of the Zoning Ordinances, and considering the arguments of both the plaintiff and his neighbors opposing the fence before making its decision, we find no error in the trial court’s conclusion that the Board was not arbitrary and capricious in its determination.
Evidentiary Issue
In its last issue presented to this court, the MCGA argues that the trial court excluded an affidavit from Mr. Riess, and allowed a corresponding affidavit of Mr. Valenti, which resulted in an unequal and disparate treatment of the parties’ evidence.
Section 40—796(c) provides that “The court shall render a decision from the record of the board unless, following review of the board’s record, it shall appear to the court that testimony is necessary for the proper disposition of the matter.”
Approximately one month prior to trial, the court conducted hearings on various exceptions filed by the parties and also held a pre-trial conference. The MCGA expressed its intent to call Mr. Riess as a witness, and was informed by the court that such testimony would not be allowed, as it was not necessary. At the appeal *1077 hearing, the MOGA sought to introduce the affidavit of Mr. Riess since it believed that, due to equipment malfunction, the Board’s record of the hearing was incomplete. After the court denied the introduction, and allowed Mr. Riess to proffer the affidavit, the Board requested that it be allowed to obtain and proffer an affidavit in response. The trial court granted the Board’s request to also submit a proffer. An affidavit by Mr. Valenti was prepared and was filed into the record several days later. Although the court allowed the Board the opportunity to file |7Mr. Valenti’s affidavit into the record as a proffer, it then considered the affidavit in rendering judgment.[4]
La. C.C.P. art. 1636A provides that “When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.” La. C.C.P. art. 1636D provides that “If the court permits a party to make a complete record of the evidence held inadmissible, it shall allow any other party the opportunity to make a record in the same manner of any evidence bearing upon the evidence held to be inadmissible.”
Because the court granted permission to file, as a proffer, the affidavit of Mr. Valenti, it committed error in considering the affidavit. The same objections made by the Board to Mr. Riess’s affidavit are relevant to Mr. Valenti’s affidavit. However, the MCGA was not given an opportunity to raise those objections since the affidavit was submitted after the hearing, and was to be a proffer only.
“Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” La. C.E. art. 103(A). Erroneous evidentiary rulings are subject to a harmless error analysis. Lapuyade v. Rawbar, Inc., 15-705 (La.App. 5 Cir. 04/13/16), 190 So.3d 1214, 1220; Finch v. ATC/Vancom Mgmt. Srvs. L.P., 09-483 (La.App. 5 Cir. 01/26/10); 33 So.3d 215, 221. Moreover, where evidence is admitted that is merely cumulative of other evidence in the record, any error in its admission is harmless. Id.
In this case, the statements made by Mr. Valenti in his affidavit are cumulative of other evidence in the record, and therefore no substantial right of any party was affected. Because this affidavit merely summed up evidence already |sbefore the court, unequal and disparate treatment of the parties’ evidence (the proffered affidavits), if any, was harmless, and does not warrant reversal of the trial court’s judgment.
CONCLUSION
For the above discussed reasons, the decision of the trial court is affirmed. Costs are assessed against the Metairie Club Gardens Association.
AFFIRMED

. The MGCA contends that the 7,400 foot one-bedroom, single family dwelling is more accurately characterized as a sports complex and/or recreation center with a bowling alley, wine tasting room, twelve-seat theater, and a swimming pool.

. Section 40-166 Created that Old Metairié Neighborhood Conservation District. Section 40-170 (2)a2. provides in part:
d, The Old Metairie Commission shall review petitions for zoning variances which affect the Old Metairie Neighborhood Conservation District and make recommendations to the board of .zoning adjustments regarding the appropriateness of the request with respect to the Old Metairie Neighborhood Conservation District regulations.

. The Louisiana Supreme Court granted writs, finding that this court erred in determining that the trial court abused its discretion. Cronley v. Bd. of Zoning Adjustments, 14-1234 (La. 09/26/14), 149 So.3d 252.

. The trial court issued an order on November 16, 2015 that states that "IT IS ORDERED that the affidavit of Timothy D. Valenti, be and same is hereby accepted by the Court as a Proffer by Respondent, The Parish of Jefferson [.] ” Nevertheless, the trial court’s judgment affirming the Board's decision states in part that "This matter came before this court on November 9, 2015[.] ... The Court granted the Parish of Jefferson time to file an affidavit. After reviewing the affidavit of Timothy D. Valenti on November 16, 2015, the Court took the matter under advisement.”