GEORGETTE RODRIGUEZ

VERSUS

CITY OF WESTWEGO BOARD OF
ADJUSTMENTS AND THE CITY OF
WESTWEGO

NO. 20-CA-162

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-433, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


December 02, 2020


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.


<u>**AFFIRMED**</u>
**RAC**
**JGG**
**JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
GEORGETTE RODRIGUEZ
Thomas G. Delsa

COUNSEL FOR DEFENDANT/APPELLEE,
CITY OF WESTWEGO BOARD OF ADJUSTMENTS AND THE CITY OF
WESTWEGO
Joel A. Levy

**CHAISSON, J.**

In this case concerning the denial by the City of Westwego Board of Adjustments of a request for a variance, Georgette Rodriguez appeals a judgment of the trial court affirming the decision of the Board. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

Mrs. Rodriguez is the owner of a 12-unit apartment building located in the City of Westwego. Located on the property is a dumpster used by the tenants of the building. Mrs. Rodriguez purchased the building on September 22, 1972. It is undisputed by the parties that the dumpster on the premises is not and has never been enclosed by a fence.

In 1998, the City of Westwego enacted Ordinance Section 38-13, which provides:

Sec. 38-13 - Fences enclosing dumpsters.

(a) A fence of at least seven feet in height shall enclose all dumpsters located within the city. This fence shall be made of an opaque material such as wood, earth berm, opaque hedge, or any combination thereof. If the barrier consists totally or in part of plant materials, such materials shall be planted in a strip not less than five feet in width.

(b) The fence surrounding the dumpster shall remain closed at all times except for entering and exiting the dumpster area and from 4:00 p.m. on the day preceding a garbage collection day until 5:00 p.m. on collection day or whenever the garbage is collected.

(c) The fence surrounding the dumpster for multifamily dwellings shall enclose at a minimum three sides of the dumpster.

On March 18, 2011, Mrs. Rodriguez received a written notice of violation of the ordinance from the City of Westwego, Office of Code Enforcement Administration (Case # CE-11-03-004) which stated that the dumpster at the property needed to be fenced in within 30 days and that a failure to do so would

result in a city summons. A city summons was not issued until early 2018, more than seven years later.

On May 29, 2018, purportedly upon advice from the court, Mrs. Rodriguez filed with the City of Westwego Board of Adjustments a request for a variance "to forgo the requirement and/or enforcement of a fence surrounding the dumpster" on her property.

A meeting of the Board of Adjustments was scheduled and held on July 11, 2018. The Board heard testimony from Mrs. Rodriguez's husband, Jason Rodriguez, that enforcement of the ordinance requiring the building of a fence around the dumpster would be a substantial hardship because it would result in fewer parking spaces for the building. The Board also saw and considered photographs of the dumpster and the area at issue. At the conclusion of the meeting, the Board denied the request for a variance.

On August 8, 2018, Mrs. Rodriguez filed a petition for appeal from the decision of the Board of Adjustments decision with the Twenty-Fourth Judicial District Court, wherein she argued that the variance should have been granted because the City's ability to enforce the ordinance had prescribed pursuant to La. R.S. 9:5625 and that the Board of Adjustments had acted with gross negligence, in bad faith and with malice in making its decision.

At the hearing before the trial court, no parties introduced any new evidence into the record as is permitted in such appeals pursuant to La. R.S. 33:4727(E)(4). The 2011 Office of Code Enforcement Administration citation letter, while attached to petitioner's memorandum, was not introduced into evidence.

**DISCUSSION**

A *prima facie* presumption of validity attaches to zoning board actions. *Freeman v. Kenner Bd. of Zoning Adjustments*, 09-1060 (La. App. 5 Cir. 4/27/10), 40 So.3d 207, 212 (citing *Parish of Jefferson v. Davis*, 97-1200 (La. App. 5 Cir.

6/30/98), 716 So.2d 428, 433). A reviewing court cannot substitute its own judgment or interfere absent a showing by the appellant that the board was arbitrary and capricious or abused its discretion. *Id.* The person who opposes a zoning board's decision bears the burden of proving that the decision was arbitrary, capricious, and an abuse of discretion, or palpably unreasonable. *Metairie Club Gardens Ass'n, Inc. v. Par. of Jefferson*, 16-139 (La. App. 5 Cir. 12/28/16), 209 So.3d 1071, 1074.

The standards set forth for the granting of variances by the Board of Adjustments is set forth in the City of Westwego's Municipal Ordinance 34-173, of which subsection (2) states in part:

a. In considering all appeals and all proposed variances and/or exceptions requiring board approval, under the terms of this article, the board shall not grant approval if it makes a finding, based on the evidence presented to it, as indicated in the record and the transcript of the hearing, that any of the following exist:

1. The approval, if granted, would cause other than negligible diminution or depreciation of property values of any surrounding property or would alter the essential character of the locality.

2. The approval, if granted, would tend to degrade or retard the prosperity and general welfare of the neighborhood and community.

3. The approval, if granted, would be detrimental to the public welfare or seriously affect or be injurious to other property or improvements in the neighborhood in which the property is located, in that it would: impair an adequate supply of light and air; or increase substantially the congestion in the public streets, create a traffic hazard, or provide for inadequate parking; or increase the danger of fire; or substantially affect or overburden existing drainage or sewerage systems; or otherwise endanger the public safety; or cause serious annoyance or injury to occupants or adjoining premises by reason of emission of odors, fumes, gases, dust, smoke, noise or vibration, light or glare, or other nuisances.

b. Additionally, the board shall not grant approval of any variance unless it makes a further finding, as indicated in the record or the transcript of the hearing, that:

1. Special conditions and circumstances exist that are peculiar to the land, structure, or building involved and that are not generally applicable to other lands, structures, or buildings in the same zoning district; and the special conditions and circumstances do not result from the intentional actions of the applicant or any other person who may have or had an interest in the property; and the strict adherence to the regulation for the property would result in a demonstrable hardship to the owner as distinguished from mere inconvenience; or

2. Literal interpretation of the provisions of this article would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this article; and granting the variance requested will generally not confer on the applicant any special privilege that is denied by this article to other lands, structures, or buildings in the same district or similarly situated; and the purpose of the variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party.

Mrs. Rodriguez does not argue that she provided evidence sufficient for the Board to make these findings and that the Board acted arbitrarily and capriciously in denying her request. Rather, appellant argues that La. R.S. 9:5625(A), which provides for a prescriptive period for enforcement actions for violations of zoning restrictions, building restrictions, or subdivision regulations, is applicable to this matter.

Mrs. Rodriguez's reliance on this statute is misplaced in these proceedings. La. R.S. 9:5625(A) makes specific reference to "[a]ll actions civil or criminal, created by statute, ordinance, or otherwise, … which may be brought by parishes, municipalities, or their instrumentalities … to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation." Thus, while the prescriptive period provided in La. R.S. 9:5625 is applicable to any enforcement action brought by the zoning authority against the property owner, it is not pertinent to the property owner's request for a variance,

which is distinguishable from an enforcement action. Mrs. Rodriguez acknowledged as much in her petition for appeal wherein she stated that the matter "City of Westwego versus Georgette Rodriguez," Case Number C24294, was pending upon the conclusion of her request for a variance.

Because La. R.S. 9:5625 is not pertinent to the zoning action before us, we decline to express any opinion as to the merits of Mrs. Rodriguez's prescription argument here. The appropriate proceeding for Mrs. Rodriguez to raise her exception of prescription is in any enforcement action that the zoning authority may bring against her regarding the dumpster on her property.

As to the trial court's judgment affirming the decision of the Board of Adjustments denying the request for a variance, because Mrs. Rodriguez did not carry her burden of proving that the Board's decision was arbitrary, capricious, and an abuse of discretion, or palpably unreasonable, we find no error in the trial court's judgment. Accordingly, the judgment is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 2, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-162

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
JOEL A. LEVY (APPELLEE)

**MAILED**
THOMAS G. DELSA (APPELLANT)
ATTORNEY AT LAW
4509 BEAU LAC LANE
METAIRIE, LA 70002